Bass *et al. v.* Doerman *et al.*

Filed Nov. 29, 1887.

No. 13,017.

## BASS ET AL. *v.* DOERMAN ET AL.

SUPREME COURT.—*Practice.*—*Motion to Dismiss.*—*Non-Compliance with Rule 19.*—Where there is a non-compliance with the provisions of rule 19 of the Supreme Court, which requires marginal notes to be placed on the transcript, etc., the appeal will not be dismissed for that reason in a case where the transcript is brief and the judgment below is called in question chiefly upon the sufficiency of the pleadings, and where it appears that the merits of the case have been fully discussed in the briefs of both parties before the filing of the motion to dismiss.

LABORERS AND EMPLOYEES.— *Preference as Creditors.*— *Lien.*—*Suspension of Employer's Business by Act of Creditor.*—*Statute Construed.*—Under the provisions of section 5206, R. S. 1881, the laborers or employees of any company, corporation, firm or person engaged in manufacturing or mechanical business, or in the construction of any work or building, are preferred creditors of such employer or employers to an amount not

exceeding fifty dollars to each of such employees, for work done within the six months preceding, whenever the business of the employer has been suspended by any action of creditors, whether with or without the consent of the failing or insolvent debtor.

SAME.—Where a firm, engaged in manufacturing, being insolvent, and for the purpose of preferring a creditor, voluntarily conveys all its property to him, whereby the business of such firm is suspended, the laborers and employees thereof are preferred creditors to an amount not exceeding fifty dollars each, for work done within the six months preceding such conveyance, and the creditor sought to be preferred by the conveyance takes the property subject to the lien of such laborers and employees.

From the Allen Superior Court.

*W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellants.

*H. Colerick* and *W. S. Oppenheim,* for appellees.

HOWK, J.—On the 9th day of February, 1887, the appellees appeared herein and moved this court, in writing, "to set aside the submission of the above entitled cause and dismiss the appeal herein, for the reason that no marginal notes have been made on the transcript in this cause, as required by rule No. 19 of this court." Rule 19 has been in force for many years. It is declared therein, *inter alia,* that the appellant "shall also cause marginal notes to be placed on the transcript in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, if any, orders of the court, and the bills of exceptions; also, where the evidence is set out by deposition or otherwise, the names of the witnesses." The rule itself prescribes no penalty for the failure of an appellant to comply therewith. But the rule is a reasonable one and is easily complied with, and, in many cases, an observance thereof by the appellant will greatly facilitate the labors of this court. In some instances, this court of its own motion has set aside the submission of a cause for the want of marginal notes on the transcript. *Mitchell* v. *American Ins. Co.,* 51 Ind. 396; *Trueblood* v. *Nicholson,* 52 Ind. 419. In other cases, the court of its own

motion, or upon appellee's motion, has dismissed the appeal on account of the appellant's failure to comply with the requirements of rule 19, above quoted. *Beigh* v. *Smarr*, 62 Ind. 400; *Bowman* v. *Simpson*, 68 Ind. 229; *Kiley* v. *Perrin*, 69 Ind. 387.

Of course, the rule is one which the appellant ought to comply with in every case; but, in the event of non-compliance therewith, the action of this court must be governed by the facts shown by the record of each particular case. Where, as here, the transcript is brief and the judgment below is called in question chiefly upon the sufficiency of the pleadings, and it appears that the merits of the cause had been fully discussed in the briefs of counsel, as well of the appellees as of appellants, some time before the filing of the motion to dismiss, we are of opinion that the appeal ought not to be dismissed. Appellees' motion to dismiss the appeal herein is overruled.

Errors are assigned here by appellants, the defendants below, which call in question (1) the overruling of their separate demurrer to the complaint herein, (2) the sustaining of a demurrer to the third paragraph of their joint answer, (3) the rendition of judgment against them over their objection and exception, and (4) the overruling of their motion for a new trial.

This suit was brought by appellee Doerman and sixteen other named persons, for themselves, and for all other laborers who were creditors of the late firm of C. L. Olds & Co., and wished to come in and were willing to contribute to the expenses of this action, as plaintiffs, against appellants Charles L. Olds and William McLachlan, late partners under the firm name of C. L. Olds & Co., and John H. Bass and Henry G. Olds, as defendants. In their complaint, appellees alleged that, prior to the 26th day of February, 1885, appellants Charles L. Olds and William McLachlan were partners in the manufacture of engines, boilers, castings and machinery, under the firm name of C. L. Olds & Co., in the

city of Fort Wayne; that, within six months next preceding
the date last named, C. L. Olds & Co. became indebted to
each of the appellees, in a specified sum of money immedi-
ately following his name in the complaint, all of which sums
were then due and owing the appellees from the firm of C.
L. Olds & Co.; that all of the appellees were laborers and
employees of the firm of C. L. Olds & Co., and the re-
spective sums.aforesaid due the appellees were all and wholly
debts owing to appellees as such laborers and employees
aforesaid, which accrued by reason of their labor and em-
ployment by and for the firm of C. L. Olds & Co., which
labor and work were performed within six months next pre-
ceding the seizure of the property of said firm by the ap-
pellants John H. Bass and Henry G. Olds, who were credit-
ors of the firm of C. L. Olds & Co. in the sum of, to wit,
$25,000, for money loaned to said firm; that, on February
26th, 1885, the firm of C. L. Olds & Co. was insolvent, and
was indebted unto laborers for work done in the sum of
$4,000, to various other creditors in the sum of $10,000,
and to appellants Bass and Henry G. Olds in the sum of
$25,000; that, being threatened with suits by their several
creditors, and being wholly unable to meet their liabilities,
the firm of C. L. Olds & Co., for the purpose of preferring
appellants Bass and Henry G. Olds, and at their special in-
stance and request, conveyed and transferred all of the prop-
erty of said firm, of the value of $25,000 (whereof a bill
of particulars was filed with and made part of such com-
plaint), to the appellants Bass and Henry G. Olds, and also
all the individual property of the members of said firm, on
the 26th day of February, 1885; that said firm and the in-
dividual members thereof, since the day last named, had
been wholly insolvent, and at no time since such sale had
any property; that, since such last named day, the business
of the firm of C. L. Olds & Co. had been suspended by the
action of appellants Bass and Henry G. Olds, creditors afore-
said; and that all the debts of the firm of C. L. Olds & Co.,

except the one owing to appellants Bass and Henry G. Olds, were due and unpaid.    Wherefore appellees asked that they each might have a lien upon the firm property of C. L. Olds & Co., so conveyed as aforesaid, as preferred debts of such firm, to the amount of $50 each, if their claims amount to such sum, and, if not, for the full amount of their respective claims; and that such firm property be ordered to be sold, and that they be first paid, out of the proceeds, the sums so found to be a lien upon such firm property, and for other proper relief.

Appellants Bass and Henry G. Olds separately demurred to appellees' complaint herein for the following grounds of objection, namely:  (1.) Because the complaint did not state facts sufficient to constitute a cause of action.  (2.) Because of non-joinder of parties, in this, that all persons claiming to have or hold any like liens with those of plaintiffs should be made parties to this action.  And, (3.) Because of misjoinder of causes of action, in that there did not exist any joint cause of action in favor of plaintiffs.

This demurrer was overruled by the court below, and to this ruling appellants Bass and Henry G. Olds at the time excepted.    This ruling is the first alleged error of which appellants' counsel complain in this court, and it presents for our decision the following question, namely:   Are the facts stated in the complaint herein sufficient to constitute a cause of action in favor of the appellees and against the appellants Bass and Henry G. Olds, or either of them, or against the property described therein, in their hands, of the late firm of C. L. Olds & Co. ? .

It is apparent from the averments of their complaint that appellees have endeavored to state therein their cause of action, within the purview and meaning of the provisions of an act entitled "An act to provide for the security and payment of laboring men and mechanics," approved March 29th, 1879, and in force since May 31st, 1879.   This act contains a single section, known as section 5206, R. S. 1881, and reads

as follows: "Hereafter, when the property of any company, corporation, firm, or person engaged in any manufacturing or mechanical business, or in the construction of any work or building, shall be seized upon, upon any mesne or final process of any court of this State; or when their business shall be suspended by the action of creditors, or be put into the hands of an assignee, receiver, or trustee, then, in all such cases, the debts owing to laborers or employees, which have accrued, by reason of their labor or employment, to an amount not exceeding fifty dollars to each employee, for work or labor performed within six months next preceding the seizure of such property, shall be considered and treated as preferred debts, and such laborers or employees shall be preferred creditors, and shall be first paid in full; and if there is not sufficient to pay them in full, then the same shall be paid to them *pro rata*, after paying costs."

By this statute it is manifest that the General Assembly intended to provide that the laborers or employees of any company, corporation, firm or person engaged in any manufacturing or mechanical business, or in the construction of any work or building, to whom debts may be owing by or from their employer or employers, by reason or on account of their labor or employment, shall be preferred creditors of their employer or employers, and the debts so owing to them, to an amount not exceeding fifty dollars to each employee, for work or labor performed within six months next preceding the happening of one or more of the following events, shall be considered and treated as preferred debts, and shall be first paid in full, etc., namely:

1. When the property of such employer or employers shall be seized upon any mesne or final process of any court of this State.

2. When the business of such employer or employers shall be suspended by the action of his or their creditors. Or,

3. When the business of such employer or employers shall be put into the hands of an assignee, receiver or trustee.

We are of opinion that the provisions of this statute are just, wise and equitable, and should receive from the courts a fair and liberal construction. In their complaint herein appellees have stated facts which bring their case fairly within the spirit, meaning and intention, if not within the exact letter, of the statute above quoted, and were amply sufficient, as it seems to us, to withstand appellants' demurrer thereto for the alleged want of facts.

Appellees showed very clearly by the averments of their complaint that the business of their employers, the manufacturing firm of C. L. Olds & Co., by the action of their creditors, Bass and Henry G. Olds, the appellants herein, was entirely suspended, and that such firm, for the purpose of preferring Bass and Henry G. Olds, conveyed and transferred to them all the property of the firm and all the individual property of the members of such firm. We think that these averments sufficiently showed that the business of C. L. Olds & Co. was "suspended by the action of creditors," within the meaning of those words as used in the statute. Appellants' counsel insist that when the statute speaks of the suspension of business by the "action of creditors," it means a suspension of business resulting from a legal action, instituted by the creditors, which the debtors were powerless to resist, and not from the voluntary action of creditors without resort to law, and with the debtors' concurrence, or, at least, acquiescence, in such action.

This interpretation of the statutory provision quoted is entirely too narrow and forced to meet with our approval. When it is shown that the business of the employer has been suspended by any action of the creditors, whether with or without the consent of the failing or insolvent debtors, a case is made by the laborer or employee, we think, which to that extent comes within the meaning and intention of the statute quoted. Even if the action of the creditors, Bass and Henry G. Olds, which led to the suspension of business by the manufacturing firm of C. L. Olds & Co., was caused

·or induced by the solicitation or express request of such firm, it must still be said that the business of the firm was suspended, within the meaning, purpose and intention of the statute, by the action of the firm's creditors Bass and Henry G. Olds. By such suspension of the firm's business, the appellees herein, as the laborers and employees of the firm, became and were, under the statute, preferred creditors of such firm, and the debts owing to them by the firm, described in their complaint herein, to an amount not exceeding fifty dollars to each of them, were to be considered and treated .as the preferred debts of the firm, and the payment thereof, by force of the statute, became and was a preferred charge upon the assets and property of the firm. Appellants Bass and Henry G. Olds knew that, when C. L. Olds & Co. suspended their business, the debts owing by the firm to their laborers and employees had not been paid. Appellants also knew that the laborers and employees of such firm were, under the statute, preferred creditors of the firm, and that the debts so owing to them, to an amount not exceeding fifty dollars to each employee, were to be considered and treated as preferred debts, having priority, by force of the statute, over the indebtedness of such firm to appellants, or to either of them, or to any one else of the firm's general ·creditors.

When, therefore, appellants Bass and Henry G. Olds, with such knowledge on their part, accepted the conveyance and transfer, by the failing or insolvent firm of C. L. Olds & Co., of all the property of such firm, and took possession of such property, upon no other consideration therefor than the payment of the pre-existing and non-preferred indebtedness of the firm to such appellants, it must be held, we think, that appellants own and hold such property subject to the payment of the preferred debts so owing to appellees as the laborers and employees of such firm, to an amount not exceeding fifty dollars to each employee. *Warren* v. *Sohn, ante,* p. 213, and cases cited.

Upon the whole case, as presented by the record now before us, we are of opinion that appellees' suit herein was well brought, that their complaint stated sufficient facts to show that they were each entitled to the equitable relief they demanded against the firm property of C. L. Olds & Co. in the hands of the appellants, and that the trial court committed no error in the cause which authorizes or requires the reversal of the judgment herein.

The judgment is affirmed, with costs.

Filed Nov. 29, 1887.