Small *v.* Hammes.

---

SMALL *v.* HAMMES ET AL.

[No. 19,388.    Filed May 8, 1901.]

APPEAL AND ERROR.— *Term-Time Appeal.— Co-Parties.— Notice.—* One against whom a judgment has been rendered may take a term-time appeal therefrom, under §647a Burns Supp. 1897, without serving notice of appeal on his co-parties. *p. 559.*

WORK AND LABOR.— *Wages.—Priority of Payment.—Mortgages.—* Where the business of a printing and publishing company is suspended by the action of creditors, the employes thereof are entitled to payment of wages, under §7051 Burns 1894, to an amount not exceeding $50 each, for work performed within six months next preceding the suspension, out of the proceeds of the sale of the property before payment of mortgages on the property. *pp. 560, 561.*

SAME.— *Wages.— Priority of Payment.— Constitutional Law.— Impairment of Contracts.—Vested Rights.—*Section 7051 Burns 1894, securing to employes priority of payment of wages over all other claimants, where the business is suspended by action of creditors, is not unconstitutional as impairing the obligations of contracts or devesting vested rights. *p. 561.*

SAME.—*Wages.—Priority of Payment.—Statutes.—Repeal.—*The act of March 17, 1885 (Acts 1885, s. s. p. 153), purporting to amend the

act of March 29, 1879, making laborers preferred creditors in certain cases, is not void on the ground that the act of 1879 was repealed by the act of March 3, 1885 (Acts 1885, p. 36), since the acts of March 29, 1879, and of March 3, 1885, did not embrace the same subject-matter, and the latter was not intended as a substitute for the former. *p. 561.*

From the Huntington Circuit Court. *Affirmed.*

*F. O. Switzer* and *Charles Flinn,* for appellant.

*J. S. Slick* and *N. G. Hunter,* for appellees.

DOWLING, C. J.—On December 31, 1897, the Tribune Publishing Company, duly incorporated, for a consideration exceeding $1,750 sold and delivered to one Isaac R. Jeffers, of Wabash, Wabash county, Indiana, a complete newspaper plant consisting of presses, machinery, type, furniture, fixtures, etc. On the day of the sale, and as a part of the transaction, Jeffers executed to the said company a chattel mortgage embracing all of the property so sold to him to secure the payment to the said company of the remainder of the purchase money, amounting to $1,750. On the same day Jeffers executed another mortgage on the same property to the appellant, to secure the payment of a loan of $1,250. Each mortgage contained an agreement authorizing the mortgagees to take possession of and to sell the mortgaged chattels in certain contingencies. Both mortgages were duly recorded in the office of the recorder of Wabash county.

Jeffers carried on the business of printing and publishing until March 25, 1898, when he sold and delivered the whole of the mortgaged property to one Charles E. Foote, who afterwards sold the same to his, Foote's, wife. Foote and his wife also used the mortgaged property in the business of printing and publishing.

Jeffers failed to pay the debts due to the Tribune Publishing Company and Small, and, on July 27, 1898, these mortgagees, by virtue of the covenants in their respective mortgages, took possession of all the mortgaged property,

and, after giving notice of the sale by posting, on August 8, 1898, offered the said property for sale at public auction. They became the purchasers thereof for the sum of $2,500, which they divided and applied upon the debts owing to them by Jeffers. The Tribune Publishing Company subsequently sold its interest in the mortgaged property so bought in to the appellant, Small.

On July 3, 1898, the appellees, twelve in number, filed their joint complaint against Foote and wife, James and Fred Bradbury, to whom Charles E. Foote had executed a third mortgage, the appellant, Enoch P. Small, the Tribune Publishing Company, and George W. Klare, and Oren E. Small, who were officers, stockholders, and directors of the said Tribune Publishing Company. The complaint alleged, in substance, that these twelve persons had severally, within the six months immediately preceding the commencement of the action, at the request of the said Charles E. Foote, Amy R. Foote, James Bradbury, and Fred Bradbury, and with the knowledge of the defendants Enoch P. Small, George W. Klare, Oren E. Small, and the said Tribune Publishing Company, performed labor and rendered services in and upon the said business of printing and publishing, for which the defendants, Foote and wife and the Bradburys, were indebted to them respectively, the sum due to each being stated, such indebtedness amounting in the aggregate to $200, which was alleged to be due and unpaid; that the said sums were due to the plaintiffs as laborers and employes in said printing establishment; that Foote and wife were insolvent, and that the Bradburys were non-residents of the State of Indiana; that the mortgagees and other creditors of the mortgagors were threatening to seize and take possession of the said property, and that the business, and the publication of the newspaper, published by Foote and wife, had been suspended by the action of creditors.

The appellant, Enoch P. Small, the Tribune Publishing Company, and Oren E. Small and George W. Klare, as

officers of that company, were required to answer as to their respective interests in the mortgaged property.

The relief demanded was that the plaintiffs have judgments for the amounts due them respectively; that these claims be declared a first and superior lien upon all of the mortgaged property, and that a receiver be appointed to sell the property to pay the claims of the plaintiffs.

The cause was placed at issue, the appellant setting up his ownership of the property under the two mortgages executed by Jeffers, the first purchaser. There was a finding and judgment in favor of each of the appellees, that their several claims were due, and that they constituted liens on all of the said personal property, superior in equity to the claim of the appellant. The court also found that, subject to these claims, the appellant was the owner of the property in controversy. Judgment was rendered upon the finding that the property be sold to pay the claims of the appellees, and that a receiver be appointed to take charge of the property, sell it, and apply the proceeds to the discharge of the costs of the suit, and to the payment of the several sums found due the plaintiffs, the residue to be paid to the persons lawfully entitled to it.

The questions presented on this appeal arise upon the rulings of the court upon the separate demurrer of the appellant to the complaint and on the motion for a new trial, both of which are properly assigned for error.

The preliminary objection is made by counsel for appellees that, because of the failure of the appellant to notify his codefendants of this appeal, the proceeding should be dismissed. The point is not well taken. The appeal was a term-time appeal, and any one of the persons against whom judgment was rendered had the right to appeal alone, and without serving notice of appeal on his co-parties. §647a Burns Supp. 1897.

The errors assigned are (1) the overruling of the motion of appellant to make the complaint more certain; (2) the

overruling of the separate demurrer of the appellant to the
complaint; (3) the overruling of appellant's motion for a
new trial; and (4) the decision of the court appointing a
receiver.

The right of the appellees to proceed against the property
described in the complaint, it is claimed, is derived from
the provisions of the act of March 17, 1885 (Acts 1885, p.
95), §7051 Burns 1894, the substance of which, so far as
it is applicable to this case, may be thus stated: Hereafter,
when the business of any person shall be suspended by the
action of creditors, then the debts owing to employes for
labor, to an amount not exceeding $50 each, for work per-
formed within six months next preceding the seizure of the
property of such person, shall be treated as preferred debts,
and such employes shall be preferred creditors, and shall
be first paid in full.

The appellant contends that the act cannot be so con-
strued as to give the appellees an equity superior to the lien
of the two chattel mortgages under which he claims title, and
that if it is susceptible of such a construction, it is un-
constitutional, because it impairs the obligation of con-
tracts, and devests vested rights. The meaning of the statute
is unmistakable. Its evident intention is to provide for
the payment, to the extent of $50, of the claims of wage
earners out of the proceeds of the sale of the property of
the employer, whose business has been suspended by the
action of creditors, before the payment of any other claims,
costs excepted, whether secured by lien or otherwise. Such
statutes are said to be founded upon the broadest equity,
and are for the protection of a peculiarly helpless and meri-
torious class of creditors, whose claims are usually small,
and who are suddenly compelled to shift for themselves by
the failure of their employer. If the statute does not, in
terms, create a specific lien upon the property of the em-
ployer, it accomplishes the same result by securing to the
employe priority of payment over all other claimants out of

the proceeds of the property of the employer. The effect of the statute, as we construe it, is to give the appellees the right to priority of payment over the appellant, and to make the claim of the employes superior to the rights of the appellant under the mortgages executed by Jeffers.

This being the necessary legal effect of the statute, is the act thereby rendered unconstitutional? It cannot be said to impair the obligations of contracts because it operates only on contracts entered into after its enactment. *Jones v. Great Southern, etc., Co.* (C. C. U. S.), 86 Fed. 370, 30 C. C. A. 108.

Nor is it invalid on the ground that it devests vested rights. The legislature has the power to regulate and control the priorities of all statutory liens, which may be created after the declaration of the legislative will, and every contract is presumed to be entered into with reference to existing laws. The lien of a chattel mortgage, where the property remains in the possession and use of the mortgagor, or his assigns, is quite, as much a creature of the statute as the preference or priority of payment secured to the laborer or employe by the act under consideration. Phillips on Mech. Liens, §30; *Bass v. Doerman,* 112 Ind. 390; *Bell v. Hiner,* 16 Ind. App. 184; *Warren v. Woodward,* 70 N. C. 382; *Hildebrand's Appeal,* 39 Pa. St. 133; *Reynolds v. Black,* 91 Iowa 1; 58 N. W. 922; *St. Paul, etc., Co. v. Diagonal Coal Co.,* 95 Iowa 551, 64 N. W. 606; *Langston v. Anderson,* 69 Ga. 65; §6638 Burns 1894, §4913 R. S. 1881.

The point is made by counsel for appellant that the act of March 17, 1885 (Acts 1885, p. 95) is void, because it purports to amend the act of March 29, 1879, which, it is claimed, was repealed by the act of March 3, 1885 (Acts 1885, p. 36). The acts of March 29, 1879, and of March 3, 1885, did not embrace the same subject-matter, and the latter was not intended as a substitute for the former. The two can well stand together.

The motion to make the complaint more certain related to matters of little importance, and no substantial harm was done to appellant in overruling it.

No error occurred in overruling appellant's demurrer to the complaint. That pleading contained all of the facts required to be set out to bring it within the provisions of §7051 Burns 1894, and it showed that the appellees had such a joint interest in the property of the employer as authorized them to join in the complaint.

The evidence fully sustained the finding, and the appointment of a receiver was necessary to enable the court to make sale of the property, and to distribute its proceeds among the parties entitled to the same, according to their priorities.

We find no error. Judgment affirmed.