ANTONIO PASALACQUA, Plaintiff and Appellee, v. RAMÓN MARÍA RAMOS and ARTEMIA ROLÓN, Defendants and Appellants.

No. 3424. Argued February 3, 1925.—Decided April 29, 1925.

DEBT — DIVORCE — DEBT CONTRACTED AFTER BEGINNING ACTION — COMMUNITY PROPERTY.—A debt contracted by one of the parties without the consent of the court after an action for divorce is brought is not a charge against the community property and the dismissal of the action does not make the debt valid; therefore, when after bringing an action for divorce the husband signs a promissory note and his action is thereafter dismissed, his wife then bringing another action for divorce wherein she recovers judgment, the community property is not liable for the amount of the promissory note.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the plaintiff in an action of debt. *Affirmed in part.*

*Carlos Brunet del Valle* for the appellants. *Manuel A. Rivera* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This suit involves the interpretation of section 169 of the Civil Code, as follows:

"Sec. 169.—From the day proceedings in a suit for divorce are

begun, no debt contracted by the husband on account of the community property shall be valid, unless authorized by the court.''

The Spanish of this is:

''*Art. 169.—Desde el día en que el procedimiento de divorcio se inicie judicialmente, no será válida ninguna deuda contraída por el marido o por la mujer sin la autorización del tribunal, a cargo de los bienes gananciales.*''

Taking these two texts together, they mean that the debts of neither spouse shall be a charge against the matrimonial property without an order of the court. Here, after a suit of divorce filed by the husband he executed a promissory note whose recovery is the object of the present action. This suit of the husband was dismissed by the court. Thereafter, and after the maturity of the note, the wife filed a suit for divorce and obtained judgment against her husband. In the present action the complaint was filed against both the husband and the wife and judgment obtained against both.

Section 169, by its terms, has no reference to suits filed after obligations incurred. Therefore, as the wife chose, not even to file a cross complaint, but to begin an independent suit, she could not claim the benefit of section 169 by reason of the suit filed by her.

However, section 169 is literally applicable to the suit filed by the husband and was pending when this obligation was entered into by him. It is well settled that the Legislature may impose terms upon obligations to be contracted in the future. *McGannon* v. *Michigan Mutual Millers' Fire Insurance Co.*, 127 Mich. 636, 54 L.R.A. 739; *Small* v. *Hammes et al.*, 156 Ind. 556, 60 N. E. 342; 12 C. J. 1067, note 65. Section 169 applies universally to obligations contracted after a suit filed, and where the law makes no distinction we should make none.

The court below thought the dismissal of the suit begun by the husband did away with the application of section

169, *supra,* but we find nothing in the text to justify this deduction.

The note signed by the husband in this case was binding on him alone. Hence the court erred in rendering judgment against the wife, now made *sui juris* by the divorce decree.

The judgment against the husband should remain, with the understanding that it may not be executed against the community property as such. The judgment must be reversed as to the wife, and it is so ordered.