Bufkin v. Boyce.

No. 12,175.

BUFKIN v. BOYCE.

RECEIVER.—*Pleading.*—*Practice.* — Ordinarily, the sufficiency of a complaint, in an action in which a receiver is applied for, can not be tested by demurrer, or otherwise, at the time of the application.

SAME.—*Appointment.*—*Purpose of Action.*—The appointment of a receiver may be part of the relief asked in a complaint in actions of the class in which receivers may.be appointed, but it is doubtful whether this can be the sole purpose of an action.

SAME.—*Partnership.*— *When Receiver will not be Appointed.*—Where a partnership has expired by limitation, and neither party desires to continue the business, a receiver will not, on the application of one, be appointed to settle the partnership affairs, in the absence of any showing of mismanagement or improper conduct on the part of the person against whom the relief is sought.

From the Judge of the Delaware Circuit Court.

*J. H. Mellett, E. H. Bundy* and *L. P. Mitchell,* for appellant.

MITCHELL, J.—This is an appeal from an interlocutory order, made by the judge of the Delaware Circuit Court, sitting at chambers, in Winchester, Randolph county.

It appears that James Boyce filed a complaint in the clerk's office, in Delaware county, on the 10th day of February, 1885. The substance of the complaint was, that Boyce and Bufkin had become partners under written articles, dated February 1st, 1882. The partnership expired by limitation February 1st, 1885. At its expiration there was on hand partnership property, consisting of agricultural implements and other property, including notes and accounts due the firm, of the value of from $3,500 to $4,500. The firm owed debts amounting to about $3,000. It is averred that neither partner desires to continue the business, and that they were unable to agree as to the disposition of the property; that the defendant was in possession of the property, and refused to reduce it to money and discharge the debts of the firm. The complaint avers further that the defendant is insolvent, and that he insisted upon collecting the notes and accounts

due the firm, and disposing of the proceeds for his own personal advantage and gain; that the stock was likely to depreciate in value, and that the partners were unable to agree upon terms of dissolution, or upon the construction of their articles of copartnership. The relief prayed was for a dissolution, that an account be taken, and an injunction granted forbidding the defendant from interfering with the business, and for the appointment of a receiver.

The record does not show whether a summons was issued before the order appealed from was made, but as no question is made at this point we give it no further consideration.

The complaint was verified, and as no motion or other application for the appointment of a receiver appears in the record, it was doubtless intended to serve the purpose of both complaint and application. As, from the averments in the complaint, the partnership had come to an end by limitation, and as there was no claim of any dispute or controversy between the partners concerning the property or accounts, the only substantial relief asked was an injunction and the appointment of a receiver. No affidavits or other evidence having been offered, the appointment was asked upon the facts stated in the complaint.

Three days after the complaint was filed in the clerk's office in Delaware county, the parties appeared before the judge at chambers, in Randolph county, and the defendant presented what is denominated in the record an answer to the plaintiff's complaint. In the answer, the defendant denies that he at any time claimed or held the exclusive possession of the partnership property, except as provided for in the articles of partnership. These are exhibited with the answer. The answer also avers that in pursuance of a stipulation contained in the articles of partnership, the defendant, at the expiration of the term, caused a complete inventory and appraisement to be made of all the firm property, notes, etc. This is also exhibited with the answer. From this it appears that

the assets were appraised by three appraisers at a total cash value of $4,750.29.

The answer further avers that the plaintiff is solvent, and a large creditor of the firm, and that for the purpose of saving expense the defendant then offered to turn over to the plaintiff all the property and assets of the firm, to the end that the plaintiff might settle its business equitably and expeditiously, agreeable to the terms of the articles of partnership and the direction of the court. This answer was verified by the defendant.

To this the plaintiff presented what is termed a reply, which was also verified. In this it was stated that the plaintiff could not accept the defendant's offer to deliver over the possession of the assets, because they were unable to agree upon the construction of the articles of partnership, and that their disagreement was liable to involve the business in litigation. It was stated further that the defendant had always managed the business, and that the plaintiff had no experience in its affairs, and, besides, he had other business which required all his time. For these reasons the reply averred that the best interest of the business demanded that a receiver be appointed.

Upon this showing an order was made appointing a receiver, and directing that upon filing a bond he should take possession, and dispose of the stock under the direction of the court.

It is assigned for error that the complaint did not state facts sufficient to authorize the appointment of a receiver, and that the court erred in making the appointment upon the facts shown by the whole record.

Ordinarily, the sufficiency of a complaint, in an action in which a receiver is applied for, can not be tested by demurrer, or otherwise, at the time of the application or motion for the appointment of a receiver. Pleadings and demurrers are not relevant to such an application. *Pressley* v. *Harrison,* 102 Ind. 14; *Pouder* v. *Tate,* 96 Ind. 330; *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510.

In the case before us, the complaint was regarded as an application for a receiver. The appointment of a receiver seemed to be the ultimate relief demanded. Whether a complaint may in any case be maintained when no other facts are stated upon which relief is asked, we need not decide in this case. Without doubt, the appointment of a receiver may be part of the relief asked in a complaint, in actions of the class in which receivers may be appointed. *Newell* v. *Schnull*, 73 Ind. 241. It may, however, admit of much question whether this can be the sole purpose of an action.

In the case of *Hottenstein* v. *Conrad*, 9 Kan. 435, it was said : " The appointment of a receiver is a provisional remedy. It is an auxiliary proceeding. It is not the ultimate end or object of a suit."

In *Chicago, etc., Co.* v. *U. S. Petroleum Co.*, 57 Pa. St. 83, AGNEW, J., said : " The appointment of a receiver is the exercise of a power in aid of a proceeding in equity, and is the subject of sound discretion." *Pressley* v. *Harrison, supra ;* High Receivers, section 6.

Without deciding anything in respect to the complaint as a bill invoking the aid of a court in obtaining equitable relief, but considering it merely as an application for the appointment of a receiver in an action pending, and regarding the facts shown by it, with those set forth in the answer and reply, as grounds stated for and against the appointment of a receiver, we think no case is made justifying such appointment.

It appears that the partnership had expired by limitation ; that nothing remained except to wind up its affairs according to the terms of the agreement under which it had its inception. It is true it is stated that the defendant was in possession of the partnership property, but there was no statement that he denied the plaintiff's right to equal possession and control, or that his possession was wrongful or in hostility to the plaintiff. The defendant was not bound to abandon the property simply because of his alleged insolvency. For all that appears, there may have been abundant reason for the de-

fendant's refusal to reduce the stock to money. The statement that he insists upon using the property for his own advantage, is not the averment of any fact of which cognizance can be taken. There are no facts stated in the complaint which put the defendant in any wrong, or which show that he was conducting himself inconsistent with the plaintiff's rights. That the parties disagreed about the construction of the partnership agreement, without averring what the agreement was, or wherein the defendant was acting in violation of it, counts for nothing. It may have been that the defendant was right. At all events, it can not be presumed, without more, that he was wrong.

If the complaint, treated as an application for the appointment of a receiver, had shown sufficient ground for such appointment, we think it was fully overcome by the answer. In this the defendant denied that he had or claimed the exclusive possession of the property. With it he exhibited the partnership agreement, under which he was charged with the control and management of the business, and which required him, at the expiration of the partnership, to make an inventory and appraisement of the property. This he proceeded to do, and in the presence of the judge offered to turn over the property to the exclusive possession of plaintiff, to be disposed of according to the agreement.

That the plaintiff had neither the time nor experience to take charge of the property, was no reason for taking it out of the possession of the defendant, even though the parties were not agreed as to the construction of the articles of partnership. What the point or matter in controversy was does not appear. From the whole record, the case seems to be this: The partnership having come to an end, the plaintiff was unwilling to take the responsibility of settling the business of the firm himself. Without showing any sufficient cause for it, he distrusted the defendant. He desired, therefore, to impose the burden of administering its affairs on the court.

Bufkin *v.* Boyce.

It is no part of the duty of courts to interfere in, and take the management of, the business of partners at the request of one partner who has the undisputed possession and opportunity to manage it himself. High Receivers, sections 490, 491.

Where a dissolution has taken place, a court of chancery will not take upon itself the administration of the partnership assets, unless there is some mismanagement or improper conduct on the part of the person against whom the relief is sought. Kerr Receivers, 82.

Where the object of the suit is to effect a dissolution of an existing partnership, on account of a breach of duty, and to secure an accounting and distribution of the assets, a receiver will be appointed in order to preserve the property pending the litigation, upon showing sufficient cause for it. Edwards Receivers, 310.

We have, however, no such case here. The showing here is, that the partnership has expired; that neither wishes to continue the business, and that nothing remains to be done except to wind up its affairs. No facts are stated which call for the intervention of the court. The defendant denied all suggestion of wrong, asserted that he was proceeding in conformity with the articles of partnership, and offered to turn over the assets to the plaintiff. To the offer of defendant to surrender the entire stock and assets to the plaintiff for disposition and settlement, the plaintiff's only reply was, that he had not the time and experience to attend to it, and that the parties were in disagreement as to the construction of their partnership contract.

No ground for the appointment of a receiver is shown. *Shoemaker* v. *Smith*, 74 Ind. 71; *Morey* v. *Grant*, 48 Mich. 326; *Baker* v. *Backus*, 32 Ill. 79; *Willis* v. *Corlies*, 2 Edw. Ch. 281; *Jones* v. *Schall*, 45 Mich. 379; *Cook* v. *Detroit, etc., R. R. Co.*, 45 Mich. 453.

The interlocutory order appointing a receiver is reversed, with costs.

Filed Nov. 23, 1885.