Gray *et ux. v.* Oughton.

GRAY ET UX. *v.* OUGHTON.

[No. 17,948.    Filed November 24, 1896.]

RECEIVERS.—*Interlocutory Order.—Sufficiency of Complaint.*—On an appeal from an interlocutory order appointing a receiver, the insufficiency of the complaint cannot be urged, as the complaint in all respects is still pending in the trial court subject to amendment.

SAME.—*Appointment Of.*—Where a receiver is appointed in open court in the presence of the parties in interest without objection or exception, the legality of such appointment cannot afterwards be raised by a motion to set it aside, nor by a motion for a new trial.

From the Pulaski Circuit Court. *Affirmed.*

*McConnell & Jenkins* and *Borders & Borders,* for appellants.

*Steis & Hathaway* and *M. Winfield,* for appellee.

McCABE, J.—This is an appeal from an interlocutory order of the Pulaski Circuit Court, appointing a receiver "to take charge of the rents and profits of (certain) described real estate," situate in Pulaski county.

A large body of land is shown by the complaint to have formerly belonged to appellant, Thomas Gray; that he and his co-appellant, Jennie A. Gray, his wife, had conveyed said lands to one Judd, and that Judd had conveyed them to appellee; that afterwards Jennie A. Gray was duly appointed guardian of said Thomas for unsoundness of mind; that afterwards, in a suit between appellee and said Grays in the Pulaski Circuit Court, his title to all of said land so conveyed was by the Pulaski Circuit Court duly quieted in appellee; that after the entry of said decree said Grays had stealthily taken possession of 400 acres of said

land, and were by force and by the assistance of numerous other people keeping appellee out of possession by force; that the Grays were totally insolvent. The final relief sought was a writ of assistance. What there was to assist by such a writ we are unable to perceive just at this time. The decree quieting title subsists in all its force without regard to the question of possession.

One of the errors assigned is the insufficiency of the complaint, and another is the overruling of a demurrer thereto.

But the complaint remains in the trial court, and is there subject to amendment so long as the case is still pending in that court. It seems well settled in this court that on an appeal from an interlocutory order appointing a receiver, the sufficiency of the facts stated in the complaint to constitute a cause of action cannot be urged, as the complaint in all respects is still pending in the trial court subject to amendment, and may, on such application, be supplemented and enlarged by affidavit and oral proofs.

The nature of the facts on which the appointment is sought in this case are of such a character as, if perfectly stated, they would make a case for the appointment of a receiver.

The insufficiency of the complaint, or overruling a demurrer thereto for want of sufficient facts, cannot prevail on this appeal from the interlocutory order. *Bufkin* v. *Boyce*, 104 Ind. 53; *Shoemaker* v. *Smith*, 100 Ind. 40; *Supreme Sitting, etc.*, v. *Baker*, 134 Ind. 293.

Overruling a motion for a new trial is another one of the alleged errors assigned. There can be no motion for a new trial in such a case, because there has been no trial. *Shoemaker* v. *Smith*, 74 Ind. 71.

The only other assignment of error is that the cir-

cuit court erred in overruling appellants' motion to set aside the appointment.

The receiver had been appointed in open court, in presence of appellants without objection or exception. They afterwards seek to raise the legality of the appointment by a motion to set it aside.

In *Lime City Building, etc., Assn.* v. *Black,* 136 Ind. 544, it was held by this court, that a party who did not except to such an appointment is not in a position afterwards to complain of the same.

And so here, the time to object to the appointment of a receiver was before the appointment was made, and when the appointment was made the objection should have been made available by an exception thereto.

We find no available error in the record. The interlocutory order is affirmed.