## THE CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.* KENNEY ET AL.

[No. 19,592. Filed November 26, 1901. Rehearing denied June 19, 1902.]

COURTS.—*Appointment of Receiver.*—*Jurisdiction.*—*Railroads.*—*Corporations.*—Where the court had jurisdiction of the person of the defendant, the judge of the court, at chambers, in vacation, likewise possessed it. *p. 76.*

CORPORATIONS.—*Railroads.*—*Appointment of Receiver.*—*Jurisdiction of Court.*—Under the act of 1899 (Acts 1899, p. 13) providing that any action against any corporation organized under the law of

this State may be brought in any county where such corporation has an office or agency for the transaction of business, the court of a county in which a railroad organized in this State has an office or agency has jurisdiction of an action for the appointment of a receiver of such railroad company although the principal office of the company is in another county in this State.  *p.* 76.

RECEIVERS.—*Jurisdiction.*—*Appearance.*—*Railroads.*—Where in an application for the appointment of a receiver the defendant entered a special appearance objecting to the jurisdiction of the court and filed a motion for the postponement of the hearing accompanied by an offer to pay into court a sum of money in discharge of certain claims admitted to be just, and submitted affidavits upon the question of the appointment of a receiver, the motion amounted to a demurrer and operated as a full appearance to the action and as a waiver of all objections to the jurisdiction of the court over its person.  *pp.* 76, 77.

SAME.—*Jurisdiction.*—*Joint Action.*—An objection to the jurisdiction of the court over the subject-matter of an action for the appointment of a receiver for a railroad company, on the ground that no joint cause of action in the several plaintiffs was stated, is not well taken, since a common interest in the relief sought authorizes the joinder of several plaintiffs, although in other respects their interests are separate and distinct.  *p.* 77.

APPEAL AND ERROR.—*Receivers.*—On appeal from an interlocutory order appointing a receiver, the insufficiency of the facts stated in the complaint, including the improper joinder of parties plaintiff, will be disregarded, except so far as it relates to the appointment prayed for.  *pp.* 77, 78.

RECEIVERS.—*Appointment.*—*Cause.*—It is not necessary that a party applying for a receiver should first exhaust his remedies at law, but it is sufficient if it appears that such remedies are inadequate, or would be ineffectual, or that the appointment of a receiver is necessary to preserve the property or to secure justice to the party.  *p.* 78.

SAME.—*Appointment.*—*Complaint.*—A complaint against a corporation for the appointment of a receiver is not defective because it does not set out specifically the facts from which the insolvency of the corporation could be inferred; the charge of insolvency in the language of the statute is sufficient.  *pp.* 78, 79.

SAME—*Creditor Not Required to Reduce Claim to Judgment.*—A creditor is not required to reduce his claim to judgment before asking for the appointment of a receiver.  *p.* 79.

SAME.—*Appointment.*—*Insolvency.*—*Evidence.*—The action of the court in appointing a receiver for a railroad company on the application of creditors will not be reversed on the insufficiency of the evidence, where there was evidence that the judgments and other claims of some of the petitioners had long been due and unpaid,

and that defendant, while admitting their justice and validity, persistently refused to pay them; that the property of defendant was encumbered by mortgages to its full value, and that it owed large sums in addition to its mortgage debts; that it owned no rolling stock nor rails, and that for more than three years past it had been unable to pay its employes. *pp. 79-81.*

RECEIVERS.—*Appointment.*—In an application for the appointment of a receiver no error was committed in overruling a motion to postpone the proceeding until defendant could investigate some of the claims set out in the complaint, since the decision of the court as to such claims was interlocutory only, and not final, their validity being subject to full investigation and proof upon the final hearing. *pp. 81, 82.*

From Clay Circuit Court; *P. O. Colliver*, Judge.

From an interlocutory order appointing a receiver for the Chicago and Southeastern Railroad Company, on the application of Charles Kenney and others, defendant appeals. *Affirmed.*

*W. R. Crawford* and *U. C. Stover*, for appellant.

*A. H. Ratcliffe, S. D. Coffey, S. M. McGregor, G. A. Knight* and *A. W. Knight*, for appellees.

DOWLING, J.—In this action, Charles Kenney and thirteen others holding claims against the Chicago and Southeastern Railway Company ask the appointment of a receiver for that corporation, the sale of its property, and the equitable distribution of the proceeds of such sale among the creditors. This appeal is from an interlocutory order appointing a receiver.

The appellant is a railway corporation, organized under the laws of this State, and is operating a railroad between the cities of Anderson and Brazil; for the transaction of its business, it maintains two offices in Clay county, Indiana, located, respectively, at Cambon and Brazil; four of the appellees hold judgments against the appellant, which were rendered by the Putnam Circuit Court, in this State; three of them have claims for injuries to stock; five assert claims for damages due them for rights of way appropriated by the appellant in the counties of Montgomery and Parke; two hold judgments recovered before a justice of the peace

of Parke county; and one sets up a claim on an account against the appellant. All of these claims are alleged to be due and unpaid. The appellant refuses to pay them, and it is, as the appellees are informed, insolvent, or in imminent danger of insolvency. These facts are set out in the complaint, which asks that the amount due to each appellee be ascertained by the court, and that a receiver of the property and effects of the appellant be appointed. The complaint was verified.

Notice having been served on the appellant on February 11, 1901, that on February 16, 1901, an application for the appointment of a receiver would be made by the appellees to the judge of the Clay Circuit Court, at chambers, in vacation, the appellant entered a special appearance at the hearing, and objected to the jurisdiction of the court on account of the alleged insufficiency of the complaint. The objections were overruled. A motion was then filed on behalf of the appellant for a postponement of the hearing for one week to enable it to obtain record and other evidence of the invalidity of certain of the claims set out in the complaint. The motion, which was under oath, was accompanied by an offer to pay into court the sum of $1,500 in discharge of such of the claims as were admitted to be just, or to execute a bond in that amount to secure their payment. The motion was denied. The application for the appointment of a receiver was submitted upon affidavits filed by the parties respectively. At the close of the evidence, the appellant renewed its motion for a postponement of the hearing, and tendered a bond in a penalty of $1,800 to secure the payment of such claims as should be found to be valid. This motion, also, was overruled. The finding of the court was in favor of the appellees, and an order was made appointing one Simonson receiver. Simonson thereupon qualified by taking the oath and giving bond as required by the statute. To all rulings against it, exceptions were reserved by the appellant.

Some fourteen errors are assigned, seven of which question the jurisdiction of the court and judge over the subject of the action and the person of the appellant; four deny the validity of the appointment of the receiver; two relate to the refusal of the judge to postpone the hearing; and one alleges the insufficiency of the facts stated in the complaint to constitute a cause of action.

If the court had jurisdiction over the person of the appellant, the judge of the court, at chambers, in vacation, likewise possessed it. §1236 Burns 1901; *Pressley v. Lamb,* 105 Ind. 171; *First Nat. Bank v. United States, etc., Co.,* 105 Ind. 227, 236.

The objection to the jurisdiction of the court over the person of the appellant is placed upon the ground that, by an uncontradicted affidavit submitted by the appellant, it appeared that the principal office and usual place of residence of the appellant were in Delaware county, and, hence, that it could not be sued in Clay county. Whatever uncertainty may have existed under former statutes as to service of process in such cases, the question has been put to rest by the act of February 7, 1899 (Acts 1899, p. 13), which provides: "That any action against any corporation, organized under any law of this State, may be brought in any county where such corporation has an office or agency for the transaction of business, or in which any person resides upon whom process may be served against such corporation." But, aside from the effect of this statute, it is to be remarked that, upon its so-called special appearance to the application for the appointment of a receiver, the appellant did much more than object to the jurisdiction of the court over its person. It expressly challenged the sufficiency of the facts stated in the complaint to constitute a cause of action. The motion, therefore, must be treated as a demurrer, as well as a motion affecting the jurisdiction of the court. Such a demurrer operates as a full appearance to the action and as a waiver of all objections to the jurisdiction of the

court over the person of the defendant. *Slauter* v. *Hollowell,* 90 Ind. 286; *Bauer* v. *Samson Lodge,* 102 Ind. 262, 266.

There was, therefore, a voluntary appearance by the appellant to the action, and a waiver of all objections to the jurisdiction of the court over its person, if such objections existed.

The jurisdiction of the court over the subject of the action is contested upon the ground that, while some fourteen plaintiffs joined in the complaint, no joint cause of action was stated. There is nothing in the objection as thus presented. The subject of the action was the enforcement of a money demand against the appellant, and the seizure and distribution of the property of the appellant through the agency of a receivership. Of such a subject, the jurisdiction of the court is unquestionable. The objection goes rather to the sufficiency of the facts stated to show that the plaintiffs below had a common interest in the subject of the action, or in the relief demanded, than to the jurisdiction of the court over the subject of the action. All of the claims mentioned in the complaint were within the jurisdiction of the circuit court, no right of action being asserted under any statute which required the action to be brought in any particular jurisdiction. But, even if some of the claims set out in the complaint were improperly joined with others, over which the court had no jurisdiction, such misjoinder would not defeat the jurisdiction of the court. As to the latter the action might be dismissed in the trial court. *Hursh* v. *Hursh,* 99 Ind. 500; *Naylor* v. *Sidener,* 106 Ind. 179-184; *Iron Hall* v. *Baker,* 134 Ind. 293, 20 L. R. A. 210; *Gray* v. *Oughton,* 146 Ind. 285, 286.

The code provides that all persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except as otherwise provided in the act. It has been held that a common interest in the relief sought authorizes the joinder of several

plaintiffs, although in other respects their interests are separate and distinct. *First Nat. Bank* v. *Sarlls,* 129 Ind. 201, 13 L. R. A. 481, 28 Am. St. 185; *McIntosh* v. *Zaring,* 150 Ind. 301; *Robbins* v. *Sand Creek, etc., Co.,* 34 Ind. 461; *Small* v. *Hammes,* 156 Ind. 556. And judgment creditors, although their claims are several, may unite in a·suit to set aside a fraudulent conveyance, and subject the property to the payment of their judgments. *Ruffing* v̇. *Tilton,* 12 Ind. 259; *Field* v. *Holzman,* 93 Ind. 205; *Doherty* v. *Holliday,* 137 Ind. 282. In view of the rule, that, where there is unity in interest as to the object to be obtained by the bill, the parties seeking redress in chancery may join in the same complaint and maintain their action together, we think the plaintiffs had the right to prosecute this action jointly. *Powell* v. *Spaulding,* 3 Greene (Iowa) 443. Besides, upon an appeal from an interlocutory order appointing a receiver, the insufficiency of the facts stated in the complaint, including the improper joinder of parties plaintiff, will be disregarded, except so far as it relates to the appointment prayed for. Woollen's Special Proc., §2280, and cases cited.

In the next place, it is objected that the complaint does not make a case for the appointment of a receiver, for the reason (1) that it does not show that the appellees have exhausted their legal remedies; (2) that the mere averment of insolvency does not authorize the appointment of a receiver; and (3) that a creditor who has not reduced his claim to judgment has no right to ask for such appointment. It is not necessary that the party applying for a receiver should have exhausted his remedies at law. It is sufficient if it appears that such remedies are inadequate, or would be ineffectual, or that the appointment of a receiver is necessary to preserve the property or fund, or to secure justice to the parties. Nor do we think that the complaint is˙defective because it does not set out specifically the facts from which the insolvency of the corporation could

be inferred. The charge that the appellant is insolvent tenders an issue of fact, and is in the exact words of the statute. Upon such an issue each party would be at liberty to prove the nature and value of the property of the corporation, and the extent and character of its indebtedness, its inability to pay its obligations as they matured and were presented, or its readiness to meet its just financial engagements. No general rule requires that a creditor shall first reduce his claim to judgment before asking for the appointment of a receiver, and the statute of this State concerning the appointment of receivers can not be so understood.

The appellant insists that the facts proved, upon the hearing of the application for the appointment of the receiver, were not sufficient to authorize such appointment. The affidavits submitted by the appellees showed the existence of a considerable part of the indebtedness described in the complaint, and that much of it had long been due. They stated, also, that the property of the appellant was encumbered by mortgages to its full value; that it owns no rolling-stock; that it does not own even the rails constituting its tracks; that it is indebted many thousands of dollars outside of its mortgage debt; that it is now, and for more than three years past it has been, unable to pay its employes; and that it is wholly insolvent.

The appellant contends that the statement in the affidavits presented by the appellees that the appellant is insolvent is the averment, not of a fact, but of a conclusion. Insolvency is provable, undoubtedly, by evidential facts showing its existence; but it is provable, also, by the direct averments of those who know the financial condition of the person or corporation. In *First Nat. Bank* v. *United States, etc., Co.,* 105 Ind. 227, 236, the court say that both the allegations of facts from which insolvency was inferable, and the direct averment of insolvency, were statements of "issuable facts," which the corporation could admit or deny.

See, also, *Main* v. *Ginthert,* 92 Ind. 180, 186.    Insolvency is the state of a person who is unable to pay his debts as they fall due in the usual course of trade or business.    11 Ency. Pl. & Pr., 3.ʹ    An excess of assets over liabilities does not of itself render the debtor·solvent.    The assets may not be readily convertible into money and, notwithstanding their supposed value; the debtor may not be able to pay the claims against him as they become due.    "By the word 'insolvency' is meant a general inability to pay one's debts; and of this inability, the failure to pay one just and admitted debt would probably be sufficient evidence."    Benjamin, Sales, §837; Smith, Mercantile Law, 550.

The evidence included not only the declarations of the affiants that the appellant was insolvent, or in imminent danger of insolvency, but it showed, also, that the judgments and other claims of some of the appellees had long been due and unpaid, and that the appellant, while admitting their justice and validity, persistently refused to pay them.    The proof did not stop here.    It disclosed that the property of the appellant was encumbered by mortgages to its full value; that the appellant owns no rolling-stock; that its rails are owned ʹby other persons; that it owes large sums in addition to its mortgage debts; and that for more than three years past it has been unable to pay its employes. It is true that some of these statements are controverted by affidavits submitted on behalf of the appellant; but ʹthe judge, before whom the application was made, had to decide between these conflicting statements.    He did so, and we can not say that his decision was erroneous, or that there was an abuse of judicial discretion in such decision.    The proof on the part of the appellees demonstrated the futility of an attempt to collect the claims of the appellees by the ordinary process of execution.    *Cabinet Makers Union* v. *City of Indianapolis,* 145 Ind. 671; *Mead* v. *Burk,* 156 Ind. 577, 580, 581, and cases cited on page 582.

As was said by the court in *Mead* v. *Burk, supra:* "The rule that this court will not weigh evidence on appeal finds no exception in suits in equity, nor in actions or proceedings where the evidence upon the trial or the hearing of the matter in issue is presented to the lower court by means of depositions, affidavits, or other documentary evidence. *Cabinet Makers Union* v. *City of Indianapolis,* 145 Ind. 671. In order to justify this court in disturbing a judgment of the lower court in any case or proceeding upon the evidence alone, the latter must be such as to raise a question of law, and not one merely of fact. *Lee* v. *State,* 156 Ind. 541, and cases there cited. Under this rule, the order appointing a receiver will not be disturbed on appeal upon the evidence alone, unless the appellant or complaining party clearly shows by it that thereby a matter of law in respect to the abuse of discretion on the part of the trial court is presented. As in other cases where there is evidence to sustain the order upon every essential point, it will not be reversed on appeal. *Pouder* v. *Tate,* 96 Ind. 330; *Naylor* v. *Sidener,* 106 Ind. 179."

The ninth and eleventh assignments of error question the propriety of the refusal of the judge to postpone the hearing of the application upon the tender of a bond by the appellant to secure the payment of such of the claims as should be found just and owing. The object of the proposed delay was to afford the appellant an opportunity to investigate some of the claims set out in the complaint, and to produce evidence against them. This was not a matter connected directly with the appointment of the receiver, and the decision of the court as to these claims was interlocutory only, and not final. Their validity was subject to full investigation and proof upon the final trial. The payment or bond tendered was not sufficient to cover all the claims set out in the complaint. The judge could not discriminate

between them, nor was he compelled to decide upon their merits at that stage of the proceedings.

The fourteenth and last error assigned is waived by the failure of counsel for appellant to discuss it.

Finding no error, the judgment is affirmed.