## SALLEE *v.* SOULES ET AL., ADMINISTRATORS.

[No. 20,899.   Filed June 7, 1907.]

1. RECEIVERS. — *Decedents' Estates.*—*Evidence.*—*Executors and Administrators.*—*Statutes.*—*Witnesses.*—A suit by the administrators of a decedent's estate against an indorsee of notes, for the cancelation of such indorsements because of fraud, for a temporary restraining order and for the appointment of a receiver, is governed, as to the evidence of heirs, by §506 Burns 1901, §498 R. S. 1881, providing that any person who is a necessary party to the record and whose interest is adverse to the estate is not a competent witness against such estate, an heir, who is not a party to the suit, being competent, therefore, to testify on behalf of such estate.   p. 627.

2. EVIDENCE.—*Executors and Administrators.*—*Heirs.*—*Verified Complaint for Receiver.*—A verified complaint by the administrators of a decedent's estate, and their depositions, are admissible in evidence, under §506 Burns 1901, §498 R. S. 1881, in a suit for the appointment of a receiver for property belonging to such estate but which is in possession of the defendant who claims same.   p. 627.

3. APPEAL.—*Appointment of Receivers.*—*Interlocutory Order.*— *Questions Presented.*—On appeal from an interlocutory order appointing a receiver the Supreme Court will consider only the complaint and proofs, and will disregard collateral motions. p. 627.

4. RECEIVERS. — *Appointment.* — *Loss of Property.* — *Statutes.*— Under §1236 Burns 1901, §1222 R. S. 1881, providing for the appointment of receivers, a receiver may be appointed to conserve property which is in danger of being lost to the parties claiming same.   p. 627.

5. APPEAL. — *Evidence.*—*Documentary.*—*Weighing.*—Where the evidence is wholly documentary, the Supreme Court will weigh same.   p. 630.

6. RECEIVERS.—*Decedents' Estates.*—*Notes.*—*Conflicting Claims.*
—*Fraud.*—The trial court is authorized to appoint a receiver on
the application of the administrators of a decedent's estate,
where the evidence shows that defendant through fraud or
duress procured the decedent to indorse the notes in question
to her and that she was about to dispose of them to the loss of
the estate. p. 630.

7. SAME.—*Remedy at Law.*—It is not necessary that a party ap-
plying for the appointment of a receiver, shall have exhausted
his remedy at law. p. 630.

From Superior Court of Vigo County; *Alvin M. Higgins,*
Special Judge.

Suit by Oscar L. Soules, and another, as administrators
of the estate of Warren C. Soules, deceased, against Carrie
Sallee. From an interlocutory order appointing a receiver,
defendant appeals. *Affirmed.*

*Catlin & Catlin, M. C. Hamill* and *Samuel R. Hamill,*
for appellant.

*McNutt & McNutt, John O. Piety* and *Stimson & Condit,*
for appellees.

MONTGOMERY, J.—This is an appeal from an interlocu-
tory order appointing a receiver. Appellees, as adminis-
trators of the estate of Warren C. Soules, deceased, brought
this suit against appellant, alleging that at the time of his
death the decedent was the owner and in possession of cer-
tain personal property, particularly described, consisting
of promissory notes, and a copy of an option alleged to have
been given by the deceased to Early Phillips, and that upon
the back of each of said notes the name of the decedent is
indorsed; that appellant has possession of said notes and
credits, and claims that decedent indorsed each of them and
delivered the same to her a short time prior to his death.
It is further alleged that the indorsements were forged;
that decedent never intended to and did not give appellant
any of said notes or credits, and that they were never de-
livered; that, if the notes or credits were indorsed or de-
livered by decedent, such action was procured by undue

influence, duress and fraud, and that no consideration whatever was received for said notes and credits; that decedent was seventy-eight years of age, feeble in body and mind and easily influenced; that he lived on a farm alone, and about three years prior to his death appellant went to his house to work as housekeeper for pay, and remained until his death; that by instilling into his mind prejudice against his relatives, and preventing them from visiting him, and by blandishing, conniving and cunning conduct toward decedent, and by importunities, threats and show of force, she gained and exercised an overmastering and controlling influence over him, and thereby, without consideration and with knowledge of his condition, intending to cheat and defraud him of his property, she fraudulently procured decedent to make whatever, if any, indorsement and delivery of said notes and credits was made; that appellant is wholly insolvent and threatening to, and, if not restrained, will collect and dispose of said notes and credits and convert the same to her own use, to the great damage of decedent's estate; that to preserve said property it is necessary to have a receiver appointed to take charge of the same, and make collections as they mature, and that to delay restraining appellant from disposing of and converting such property until notice can be given and a hearing had will enable her to convert the same into money, to the great damage of decedent's estate. The prayer is for a restraining order until a hearing upon notice; that a receiver be appointed to take charge of said notes and accounts, with authority to collect and hold the proceeds until a final determination of the action; that the indorsements and delivery of said notes and credits, if made by decedent, be declared fraudulent and held for naught, and that appellant be directed to turn said notes and credits over to appellees, and perpetually enjoined from asserting any claim, right or title to the same.

A restraining order was issued as prayed, and after notice and a hearing upon affidavits a receiver was appointed.

It is contended that the court below erred in admitting in evidence so much of the complaint, affidavit of Origen B. Soules, and affidavits of appellees, as related to facts occurring in the lifetime of the decedent, in overruling appellant's motion to make the complaint more specific, and in sustaining appellees' motion to strike from the files appellant's demurrer to the complaint, and in appointing a receiver. Origen B. Soules was a brother to the decedent, and an heir to his estate, but not a party to this suit. This suit does not fall within the provisions of §507 Burns 1901, §499 R. S. 1881, but is within the class covered by §506 Burns 1901, §498 R. S. 1881. The interests and testimony of Origen B. Soules were not adverse to the estate, and he was not disqualified as a witness by the provisions of §506, *supra*. *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109.

It is equally clear that the verified complaint and the affidavits of appellees could not be excluded as evidence under §506, *supra*. *Bischof* v. *Mikels* (1897), 147 Ind. 115; *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625.

The paramount question for consideration upon this appeal is whether the court erred in appointing a receiver upon the allegations of the complaint and proofs heard. The cause is still pending in the court below for consideration and action upon all other matters. The sufficiency of the complaint to authorize a judgment for the principal relief sought is not before us, and upon this appeal we can only consider its sufficiency as a basis for the action of the court in appointing a receiver. It is manifest, therefore, that the alleged errors relating to the motion to make the complaint more specific, and the striking out of appellant's demurrer, have but

slight, if any, relevancy to the question for decision, and they will not be separately considered. *Levin* v. *Florsheim & Co.* (1903), 161 Ind. 457; *Goshen Woolen Mills Co.* v. *City Nat. Bank* (1898), 150 Ind. 279; *Gray* v. *Oughton* (1896), 146 Ind. 285; *Supreme Sitting, etc.,* v. *Baker* (1893), 134 Ind. 293, 20 L. R. A. 210; *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56; *Naylor* v. *Sidener* (1886), 106 Ind. 179; *Main* v. *Ginthert* (1883), 92 Ind. 180; *Bufkin* v. *Boyce* (1885), 104 Ind. 53.

It is expressly provided that a receiver may be appointed (1) when it is shown that the property in controversy is in danger of being lost, removed, or materially injured; and (2), where in the discretion of the court or the judge thereof in vacation, it may be necessary to secure ample justice to the parties. §1236 Burns 1901, §1222 R. S. 1881. The substance of the averments in the verified complaint have been set out. It is further shown by the affidavit of Origen B. Soules that he was a brother of the decedent who died April 11, 1906, at the age of seventy-eight years; that decedent's wife died in the year 1903, at which time appellant became his hired housekeeper, and continued in that capacity until decedent's death; that during the last years of his life the deceased was greatly enfeebled both in body and mind, and suffered severe sick spells; that he became sick on Thursday, was confined to his bed on Saturday, and died on the following Wednesday, during all of which time he suffered great pain, talked only with great effort, and was unable to transact any business; that appellant claims he gave her the notes in controversy the day before his death, and on the day he died gave her an option and a deed for his home farm of 600 acres; that the notes were of the value of $23,000, and the land was worth $75,000; that by blandishments, deceit, and cunning appellant gained decedent's confidence, and that she exercised an overmastering and controlling influence over him, and kept his relatives from visiting him.

The affidavits of appellees state that on April 21, 1906, they were appointed as administrators, and demanded of appellant, who was occupying decedent's house, the possession of said papers, and learned from her that she claimed to own them; that they did not know the number, value, or names of the makers of such notes, and asked for an inspection and schedule of them, which appellant refused; that the circuit court, over resistance, compelled appellant to produce the notes for inspection, and to submit to examination under oath on May 15, and on May 19, 1906, this suit was begun, but before a restraining order could be served appellant claims to have disposed of two of said notes; that appellant refuses to give any information as to the disposition of such notes, and at the time she claims to have parted with them she knew of appellees' claim thereto, and that they were asserting that the indorsements thereon were forged and fraudulently obtained, and she disposed of the same with fraudulent intent to cheat, hinder, and delay appellees, and to prevent the recovery of said notes or their proceeds by appellees, and with the fraudulent intent of placing them beyond the reach of the court; that at the time this suit was commenced fourteen of said notes, in the principal sum of $2,911.52, were due, two of the principal sum of $5,040 were due upon demand, one of $500 would be due June 1, one of $600, June 22, one of $10,000, July 21, one of $2,000, October 3, 1906, and one of $1,500, after December 21, 1906, and on or before December 21, 1908, two of $200, in which time of maturity is not shown. Only one note of $1,000 is secured by mortgage. It was shown by the affidavits of William Pitzer and Barton W. Beard that they visited the decedent the day before his death and found him very weak, suffering extreme pain, unable to talk without great effort, and apparently in a dying condition, and that he was unable to transact any business. Counter-affidavits were filed, but only one of them contradicted material matters contained in the affidavits presented by appellees.

The cause was heard wholly upon affidavits, and we are therefore in a position to weigh and determine for ourselves the weight of the evidence produced. *Hud-elson* v. *Hudelson* (1905), 164 Ind. 694; *State, ex rel.,* v. *Board, etc.* (1905), 165 Ind. 262. We have examined all the proofs submitted, and are satisfied that the action of the trial court is supported by a preponderance of such evidence.

We have already seen that the court is authorized by our statutes to appoint a receiver whenever it is made to appear that the property in controversy is in danger of being lost or removed, and also whenever, in his discretion, such appointment is deemed necessary to secure ample justice to the parties. The appointment of a receiver in this case was justified upon the first ground under the facts shown, and certainly we would not be warranted in saying upon the proofs that the court abused its discretion in making such appointment. *Mead* v. *Burk* (1901), 156 Ind. 577, and cases there cited.

It is contended by appellant's counsel that appellees had an effectual and adequate remedy at law, without resorting to the aid of a receiver. The character of the property involved, and the possibility of protracted litigation, make manifest the propriety and expediency of taking the property into custody of the court. It is not required that a party applying for a receiver under the statute should have exhausted his remedies at law. *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72.

If the matter rested wholly in equity, we are not prepared to say that any legal remedy suggested would have been so complete, prompt and efficient as to deny appellees the right to have a receiver in this case.

No error appearing, the order appointing a receiver is affirmed.