PORTAGE BRICK COMPANY *v.* NORTH INDIANA·BRICK COMPANY.

[No. 23,447. Filed November 30, 1920.]

1. RECEIVERS.—*Appointment.*—*Pleading.*—*Facts Sufficient on Appeal.*—Under §1279 Burns 1914, §1222 R. S. 1881, a complaint was sufficient on appeal to sustain an order appointing a receiver, where it alleged that defendant was indebted to the plaintiff and forty-four other creditors, that many of such claims were in the hands of attorneys for collection, who were threatening to bring suit therefor, that defendant was without money or credit, and its business was being operated at a loss, that its

Portage Brick Co. *v.* North Ind. Brick Co.—189 Ind. 339.

assets were being consumed in operating expenses, and that it was in imminent danger of insolvency, no objection having been made to such complaint in the court below.   p. 641.

2.   RECEIVERS.—*Appointment.*—*Order.*—*Motion to Modify.*—Where the complaint averred that defendant, a corporation, was in imminent danger of insolvency, and the court, in addition to finding generally that all of the material allegations of the com- · plaint were true, found specially by its order appointing a receiver for the corporation that the corporation was insolvent at the time of the trial, it is no cause for objection by motion to modify the order that the proof went farther than· the complaint required.   p. 642.

3.   APPEAL.—*Receivers.*—*Continuing Business.*—*Discretion.*—Wheth- er a receiver shall be ordered to continue the business or reduce the assets to cash is a matter for the sound discretion of the trial court and, unless an abuse of such discretion be clearly shown, the action of the trial court will not be set aside on appeal.   p. 642.

4.   APPEAL.—*Receivers.*—*Motion for New Trial.*—*Review.*—The ap- pointment of a receiver is a special proceeding, in which the pro- cedure makes no provision for the filing of a motion for new trial; hence no such motion is required to present questions involving the evidence on appeal.   p. 642.

5.   APPEAL.—*Receivers.*—*Appointment.*— *Necessity.* —*Bad Faith in the Application.*—The question of the necessity for the appoint- ment of a receiver for a corporation is for the trial court and an appointment made will not be set aside on appeal because the motives influencing the plaintiff to make the application for a receiver were questionable· or because in commencing the suit the plaintiff acted in bad faith.   p. 643.

6.   RECEIVERS.—*Insolvency.*—*Remedy at Law Inadequate.*—*Preser- vation of Property.*—A party applying for the appointment of a receiver ·for another will always be referred to his remedies at law, unless it appears that the defendant is insolvent, or in imminent danger of insolvency, or that such remedies are inade- quate, or would be ineffectual, or that the appointment of a receiver is necessary to preserve property or secure justice to the parties.   p. 643.

From St. Joseph Superior Court; *T.` D. Mott,* Judge.

Action by the North Indiana Brick Company against the Portage Brick Company.   From an inter-

locutory order, appointing a receiver for the defendant, the defendant appeals. *Affirmed.*

*Frank H. Donahoo, Charles E. Cox* and *George A. Kurtz,* for appellant.

*John A. Hibberd, Alfred E. Martin* and *Stuart McKibbin,* for appellee.

MYERS, J.—This is an appeal from an interlocutory order appointing a receiver.

The complaint alleged facts showing that appellant was justly indebted to appellee in the sum of $2,318.11; that it was indebted to forty-five creditors in various amounts, in all aggregating nearly $12,000; that many of these claims were in the hands of attorneys for collection who were threatening to bring suit to enforce collection; that appellant was without money and credit, and its business was being operated at a loss, and its assets were being consumed in the payment of operating expenses, and that it was "in imminent danger of insolvency."

The case was submitted to the court, evidence heard, and a general finding that all of the material allegations of the complaint were true, and that a receiver ought to be appointed. This finding was followed by an order and judgment appointing a receiver to take charge of all of the assets of appellant, and for the conversion of the same into money and the payment of appellant's debts.

No question is raised as to the jurisdiction of the trial court over the person and of the subject-matter involved.

No objection was made to the complaint in the court below, and on appeal we regard it as sufficient

to sustain an order appointing a receiver. §1279, cl. 5, Burns 1914, §1222 R. S. 1881.

2. Appellant's motion to modify the order appointing a receiver by striking out the word "insolvent," and by substituting the words "in the usual course of business" for the words "as readily as possible," was overruled. The trial court by its general finding found that appellant was "in imminent danger of insolvency," and also specially found that appellant was at the time of the trial "insolvent." The finding of insolvency would indicate that the proof not only fully supported the allegations of the complaint, but warranted a finding of actual insolvency, consequently appellant has no cause to complain, because the proof went further than the complaint required.

3. As to the other material part of the motion, it is evident that the trial court was not of the opinion that it would be to the best interests of all concerned to operate the business, for the order, as made, contemplates the turning of tne assets of appellant into cash as speedily as good business judgment will permit. This was a matter calling for the sound discretion and judgment of the trial court, which on appeal will not be set aside except in cases where an abuse of discretion is clearly shown. In the instant case no such showing is made, and therefore the motion was properly overruled.

4. The evidence upon which the trial court acted consisted of affidavits and oral evidence, and the same is properly in the record. Appellant did not ask for a new trial, and for that reason it is suggested that this court would not be authorized to pass upon questions involving the evidence. The

appointment of a receiver, as in this case, is a special proceeding under our law, and the procedure marked out in such cases makes no provision for such an application or the granting of a new trial. *Shoemaker* v. *Smith* (1881), 74 Ind. 71.

Appellant, in its brief, makes the point that the court abused its discretion by appointing a receiver, for the reason that the evidence fails to show 5. any necessity for such appointment, and in its argument calls attention to certain facts which would indicate that appellee acted in bad faith in commencing this suit. All of such evidence was for the trial court to weigh and determine. It may be true that the motives of appellee in bringing this suit were questionable and obnoxious to every rule of fairness. Still the question was one for development in the trial court and there to be dealt with as the facts demanded.

Appellant also contends that appellee was not entitled to a receiver, for the reason that, under the showing made, it had an adequate remedy at 6. law. Appellant reaches this conclusion by inferring certain facts as proved, and by ignoring other facts which the evidence tends to prove in line with the court's finding. On this point it is sufficient for us to say that a party will always be referred to his remedies at law, unless it appears that the defendant is insolvent, or is in imminent danger of insolvency, or "that such remedies are inadequate, or would be ineffectual, or that the appointment of a receiver is necessary to preserve the property or fund, or to secure justice to the parties." *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72, 78, 62 N. E. 26, 28.

The real question in all cases of this character is: Was the case as made one calling for the appointment of a receiver? We have held the complaint sufficient, and the trial court found that all of its material allegations were true. We have carefully examined the evidence and have reached the conclusion that it supports the court's finding.

Upon the whole case we conclude that no reversible error has been shown. Judgment affirmed.