WEST ET AL. *v.* REEVES.

[No. 25,801.   Filed May 24, 1934.   Rehearing denied December 31, 1934.]

*Walter F. Wood,* for appellants.

*Charles D. Hunt,* for appellee.

MYERS, J.—This is an appeal from an interlocutory order appointing a receiver in an action commenced by appellee in the court below against appellants Harry T. West, Everett King, and Irvin Cofey, as partners doing business under the firm name of Black Diamond Coal Mining Company, and/or Black Diamond Coal Company.

Appellee's complaint, in substance, alleged that the partnership was indebted to him in the sum of $67 for work performed by him in mining coal from May 16th to May 31st, 1929, both inclusive, which sum was due and unpaid. Other allegations were to the effect that appellee's claim was part of an unpaid payroll amounting to $2,000; that the partnership was indebted in a large amount to other persons aside from the payroll as a result of its operating a coal mine under a lease from the Hoosier Coal Mining Company; that appellants are "dissipating, squandering and wasting"

the property and appropriating the proceeds from the sale of the coal mined to their own use without attempting to pay the firm's indebtedness and payroll; that the partnership is insolvent and that a receiver should be appointed to take charge of the property, money, and effects of the partnership, operate the mine and conserve all funds arising from such operation. The record discloses that notice to defendants of the filing of the complaint was given and thereafter on July 9th both parties to the action appeared in open court, oral evidence was heard on the application for the appointment of a receiver, which resulted in the court appointing a receiver "to take charge of the lease of defendants herein secured from the Hoosier Coal Mining Company and the leasehold property included in said lease and business thereunder." Thereupon, appellants prayed an appeal to the Supreme Court which was granted, and seven days given to file all bills of exceptions. The record discloses that one bill of exceptions containing the evidence was presented to the court, signed by the judge, ordered made a part of the record, and filed on July 17th.

The errors here assigned are: The complaint fails to state facts sufficient to justify the appointment of a receiver; the decision of the court is not supported by the evidence; and the decision of the court is contrary to law.

The right of appeal from an interlocutory order appointing a receiver is statutory. Sec. 3-2603, Burns 1933, §1157, Baldwin's 1934, Acts 1881, Sp. Sess., p. 240, §254. In this case the appointment of the receiver was ancillary to the main action which is not here. We are therefore concerned only with questions leading up to the order. Hence the complaint in this court, challenged for want of facts, may be considered only insofar as it is directly in-

volved in the interlocutory order and necessary to a judgment upon it. In this class of cases general statutory rules of procedure regulating appeals do not fully apply (Elliott, Appellate Proc., §108), for it has been held that "the sufficiency of a complaint, in an action in which a receiver is applied for, cannot be tested by demurrer, or otherwise, at the time of the application or motion for the appointment of a receiver. Pleadings and demurrers are not relevant to such an application," (*Bufkin* v. *Boyce* [1885], 104 Ind. 53, 55, 3 N. E. 615, and cases there cited; *Gray* v. *Oughton* (1896), 146 Ind. 285, 45 N. E. 191), nor is a motion for a new trial essential to present questions involving the evidence. *Portage Brick Co.* v. *North Indiana Brick Co.* (1920), 189 Ind. 639, 128 N. E. 847.

"The complaint remains in the trial court and is there subject to amendment so long as the case is still pending in that court." *Gray* v. *Oughton, supra.* It ■ appears from the complaint at bar, by inference at least, that it might be amended to show either a number of actions commenced or that many creditors of the firm are threatening to and will institute actions against the defendants, thus subjecting the firm's property and assets to excessive costs and expenses resulting in a dissipation of its asset to the great loss to its creditors unless a reeciver is appointed, thereby appealing to the inherent power of a court of equity to appoint a receiver for the protection of the rights of all parties concerned and within the authorization of the statute, §3-2601, Burns 1933, Cl. 7, §1143, Baldwin's 1934, §1222 R. S. 1881, providing that a receiver may be appointed "in the discretion of the court or the judge thereof in vacation" when necessary to secure ample justice to the parties. *McElwaine* v. *Hosey* (1893), 135 Ind. 481, 490, 35 N. E. 272.

It follows from what we have said that the court's

action in appointing a receiver in this case, right or wrong, must be determined from the evidence. Here we are met with the contention that the evidence is not in the record. This contention seems to be well taken, for it will be seen from the statement of the record above that the court, at the time of appointing the receiver, July 9th, gave appellants seven days in which to file all bills of exceptions. The bill containing the evidence was not presented to the court for approval or filed until July 17th, which was one day late, and under the statute and the many decisions of this court we are compelled to hold that the evidence is not before us. Sec. 2-3106, Burns 1933, §459, Baldwin's 1934, 1881 R. S. 120, §629; *Walters* v. *Walters* (1907), 168 Ind. 45, 79 N. E. 1037; *Ayres* v. *Armstrong* (1895), 142 Ind. 263, 41 N. E. 522; *Joseph* v. *Mather*, (1887), 110 Ind. 114, 10 N. E. 78.

Since all the questions appellants have sought to present depend upon the evidence, it follows that we must decline to consider them.

Judgment affirmed.

## On Petition for a Rehearing

Myers, J.—Appellants, as one of the reasons or causes assigned for a rehearing, have made it appear conclusively that on July 12, 1930, they not only paid and fully satisfied all of the claims and demands of appellee against them, but they have also fully paid and satisfied the claims of all persons, firms, and corporations to whom they were indebted at the time the receiver was appointed. This showing of want of grounds for the appointment of a receiver at a time since the trial was had cannot be accepted as evidence dehors the record at bar justifying this court in setting aside its judgment pronounced upon the proceedings of the trial court properly here for review.

The showing here made would be proper in support of a motion submitted to the trial court for the discharge of the receiver, and, we may say, the trial court should not be concerned with the financial conditions of the partnership at this time appearing if it is made to appear that the debts and liabilities of the partnership at the time the receiver was appointed have all been adjusted and paid. Under those circumstances, the remedy at that time properly invoked should not be carried forward to include subsequent and unrelated conditions whatever they may be.

As to the other assigned errors in support of the petition for a rehearing, we adhere to our former ruling.

Petition for rehearing denied.