ROYAL ACADEMY OF BEAUTY CULTURE AND ROYAL BEAUTY SHOP, INC. *v.* WALLACE.

[No. 28,340.   Filed March 22, 1948.   Rehearing denied October 7, 1948.]

*Owen S. Boling* and *Paul P. Scharffin,* both of Indianapolis, attorneys for appellant.

*Bachelder, Bachelder and Fife,* of Indianapolis, attorneys for appellee.

EMMERT, C. J.—This is an appeal from an order appointing a receiver for the appellant *pendente lite.* The appellee's complaint in substance alleged that appellee, a resident of West Virginia, had been induced

by fraudulent representations, contained in newspaper advertisements circulated in West Virginia, to enter into a contract for training in appellant's school of beauty culture, and prayed damages by reason of the alleged fraud. Subsequent to the filing of the petition for the appointment of a receiver the appellee filed a second paragraph of complaint alleging the same fraud and praying a recission of the contract.

Pending the action, the appellee filed her petition for appointment of a receiver, which alleged in substance the assets and property of the appellant are in immediate danger of being "wasted and depleted on account of":

(1) Other suits alleging fraud which aggregate claims exceeded $15,000;

(2) Defendant's school did not meet the requirements of the State of West Virginia for the training of students, although defendant advertised its students could qualify in West Virginia, which created other claims for fraud for which suit was imminent;

(3) Defendant had preferred other creditors by way of settlement;

(4) ". . . that defendant has no real estate or fixed assets to which plaintiff might resort to satisfy her claim but that defendant's only value is in its current receipts and the existence of possible assets not returned for taxation on the tax records. Defendant's business has value only as a going concern properly operated and accurately advertised.

"Continuance of defendant's business operations as alleged will serve to create additional causes of action which will further deplete the value of defendant's assets.

"Affiant further says that if a receiver is not presently appointed to conserve the assets of defendants

and preserve its going concern value plaintiff will be irreparably damaged in that said assets will be wasted or misappropriated."

At the hearing for the appointment of a receiver, after notice had been given appellant, all of the evidence was documentary and consisted of affidavits introduced by the appellee, which included a verified copy of testimony and exhibits introduced in another cause entitled, *Dorothy B. Price* v. *Royal Academy of Beauty Culture and Royal Beauty Shop, Inc.,* in the Marion Circuit Court.

It is to be noted that in the appellee's application for appointment of receiver there is no allegation that the corporation, "has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights," which is the fifth cause for the appointment of a receiver under § 3-2601 Burns' 1946 Replacement (Acts 1881 (Spec. Sess.), ch. 38, § 245, p. 240). Nor does the evidence viewed most favorably to the appellee prove the appellant was insolvent or in imminent danger of insolvency. The evidence did show that the corporation had no tangible assets, but that it was a going concern with approximately ninety (90) students enrolled, that it owed no outstanding obligations other than weekly current bills, which were discounted, and that it had the sum of approximately $50,000 in securities.

It must be borne in mind that there was no duty upon the appellant to prove that it was solvent, but when such questions are before the court it is the duty of the proponent to prove that the corporation is insolvent or in imminent danger of insolvency. The evidence clearly failed to prove insolvency. *United States* v. *Anderson Co.* (1941), 119 F. 2d 343, 345; *Garvin, Rec.* v. *Chadwick Realty Corp.*

(1937), 212 Ind. 499, 507, 9 N. E. 2d 268; *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72, 80, 62 N. E. 26, 28. In the latter case (p. 80) the court said:

". . . Insolvency is the state of a person who is unable to pay his debts as they fall due in the usual course of trade or business. 11 ▇ Ency. Pl. & Pr., 3. An excess of assets over liabilities does not of itself render the debtor solvent. The assets may not be readily convertible into money and, notwithstanding their supposed value, the debtor may not be able to pay the claims against him as they become due."

In determining whether a debtor is unable to meet its obligations, the court should allow for reasonable use of the debtor's credit. *United States* v. *Anderson Co., supra;* 15A Fletcher, *Cyc. Corp.* § 7360, pp. 10, 11 (Perm. ed.).

The appellee insists that the trial court had an inherent equitable right to appoint the receiver in this proceeding. Clause 7 of § 3-2601 Burns' 1946 ▇ Replacement does provide a receiver may be appointed, "in such other cases as may be provided by law; or where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties."

In *Mead* v. *Burk* (1901), 156 Ind. 577, 581, 582, 60 N. E. 338, the court construed this clause as follows:

". . . This last provision is certainly comprehensive and somewhat sweeping in its character. Under its authority a receiver may be appointed in any case in which, according to the established rules of equity, the appointment may be necessary 'to secure ample justice to the parties' without regard to the form or character of the principal action. *Hellebush* v. *Blake,* 119 Ind. 349; *Connelly* v. *Dickson,* 76 Ind. 440; *Wayne Pike Co.* v. *Hammons,* 129 Ind. 368; *Goshen, etc. Co.* v. *City Nat. Bank,* 150 Ind. 279."

See also *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 61 N. E. 666, 87 Am. St. 207. But under the general equitable powers of the court we fail to find any authority that an individual, not a stockholder nor a lienholder, asserting an unliquidated claim for damages by reason of an alleged tort, may have a receiver appointed for a corporation before his claim is reduced to judgment. In *Slover* v. *Coal Co.* (1904), 113 Tenn. 421, 82 S. W. 1131, 106 Am. St. 851, 68 L. R. A. 852, the bill alleged that as a result of an explosion caused by the negligence of the corporation, 180 people were killed in its mine, and that 150 suits had been filed praying damages in the aggregate amount in excess of $1,000,000, which was more than all the assets of the company, that the company was continuing to mine coal in a wasteful manner and paying dividends to stockholders in order to avoid the satisfaction of any judgments that might be recovered. The court reasoned (pp. 444, 445):

"Thus it appears that, while there are some exceptions, both as respects corporations and the estates of private individuals, to the rule that the appointment of a receiver in equity is merely auxiliary to a pending litigation, and that such action may occasionally be the object of the suit itself, and that as to corporations the power may, under some peculiar states of fact, be invoked in behalf of creditors, yet such creditors must generally be judgment or lien creditors *(Wallace* v. *Pierce-Wallace Pub. Co.* (Iowa), 70 N. W., 216, 38 L. R. A., 122, 63 Am. St. Rep., 389; *Union Mut. L. Ins. Co.* v. *Union Mills Plaster Co.* (C.C.), 37 Fed., 286, 3 L. R. A., 90, 94; 5 Thomps., Corp., sec. 6839), or at least creditors by contract (5 Thompson on Corp., sec. 6840; 2 Morawetz, Corp., secs. 797, 860). We know of no authority, and have not been able to discover any, in which the power has been invoked in behalf of persons suing in tort, to the end that the property of a corporation may be held and managed by a receiver in a court

of chancery to await the decision of such actions to prevent waste of the corporate property in the meantime, with a view to having it ready to turn over in satisfaction of such judgments as may be obtained in such action at law. Nor do we think, on principle, that the power of the court to appoint receivers should be or could be directed to such use. And it is certainly true that the danger of waste would have to be made to appear very clearly, and shown to be imminent, before the court would in any case, in behalf of contract creditors even, be justified in taking the management of a presently solvent, going, concern out of the hands of the directors and managers chosen by its stockholders, and in placing it in the control of a receiver of the court."

If courts of equity were to extend the extraordinary and drastic remedy of a receiver in cases where corporations are subject to many suits for tort, the door would be open to gross abuse, and an easy avenue established for the destruction of corporate enterprise. It is not necessary in this case to determine when, if ever, the owner of an unsecured tort claim may be in a position to invoke the aid of equity for the appointment of a receiver, but we do hold that he has no such right before his claim is reduced to final judgment.

The order and judgment appointing a receiver *pendente lite* is reversed.

NOTE.—Reported in 78 N. E. 2d 32.

## ON PETITION FOR REHEARING

EMMERT, J.—The appellee's petition for rehearing asserts the court erred in interpreting the effect of Clause 7 of § 3-2601, Burns' 1946 Replacement, as to a tort claimant being entitled to the appointment of a receiver, and her briefs allege

that the opinion in this appeal is in conflict with *Ratcliff* v. *Ratcliff* (1942), 219 Ind. 429, 39 N. E. 2d 435; *West* v. *Reeves* (1934), 207 Ind. 404, 190 N. E. 431, 193 N. E. 375; *Sallee* v. *Soules* (1907), 168 Ind. 624, 81 N. E. 587. Of course the language in the opinion on this appeal must be construed in connection with the facts decided. *Bryson* v. *Crown Oil Co.* (1916), 185 Ind. 156, 112 N. E. 1; *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 129 N. E. 853.

In *Ratcliff* v. *Ratcliff, supra,* the action was to cancel and annul deeds for certain real estate, and for an accounting of the rents and profits. Two of the reasons for the cancellation were that the deeds were obtained by fraud and undue influence. It is to be noted that the action was in equity for the recovery of certain specific property in which the proponent alleged a present existing equitable interest. But neither the first nor second paragraph of the appellee Betty Wallace's complaint alleged any present existing or probable interest in any particular or specific property, either real or personal.

In *West* v. *Reeves, supra,* the action was brought by a creditor against a partnership which was alleged to be insolvent. In this case the appellee, Betty Wallace, was not a creditor and she did not allege or prove that the appellant corporation was insolvent, or in imminent danger of insolvency. The proof did show the corporation was solvent and discounting bills.

In *Sallee* v. *Soules, supra,* the action was to rescind the endorsements and delivery, and recover the possession of certain specific notes alleged to have been obtained from the decedent by the fraud of an insolvent holder, who was threatening to collect the notes and convert the proceeds to her own use. This alleged

a present existing interest in certain specific personal property which is not the case in the present appeal.

The second paragraph of appellee's complaint for rescission of the contract did not seek the return of any specific money or funds, or to establish a constructive trust upon any particular money, property or funds, or show that she had any lien or probable existing interest in any particular property of the appellant corporation, nor did it charge that the corporation was insolvent or in imminent danger of insolvency so that a receiver would be necessary to protect the equitable rights of the appellee.

The first paragraph merely asserted an unliquidated claim for damages by reason of an alleged fraud. There is no allegation that the appellee was a creditor, stockholder, a lienholder or had any present existing property right or interest or any probable right or interest in any of the property, funds or assets of the appellant corporation. The appellee has not cited any authority, nor are we advised of any authority, which justifies the appointment of a receiver under the general equity powers of the trial court under Clause 7 of § 3-2601, Burns' 1946 Replacement, where the proponent's only interest is an alleged unliquidated claim for damages for fraud.

The petition for rehearing is overruled.

NOTE.—Reported in 81 N. E. 2d 534.