## In re SANFORD'S ESTATE.

S. F. No. 2797; July 17, 1903.

73 Pac. 466.

Appeal—Remittitur—Motion to Recall.—May 3d an appeal was dismissed. May 25th a remittitur was issued. June 9th the remittitur was filed in the lower court. August 11th notice of motion to recall remittitur was served. Affidavit of moving counsel stated that he left the city May 2d, and was absent nearly two months, and on his return one of the members of the firm associated with him in the case, and who had taken part in the appeal, was, and till the filing of the motion continued to be, absent from the city, and that he was unable to consult with him. Held, that excuse for not making the motion within the time fixed by law was not shown, so that the motion would be denied.

On motion to recall remittitur. Denied.

LORIGAN, J.—An appeal was taken to this court in the above estate from an order denying a motion for a new trial of the application for final distribution of the estate of said decedent. On the 3d of May, 1902, said appeal was by this court dismissed, and the remittitur therein issued on May 25, 1902, and filed in the superior court June 9, 1902. On August 11, 1902, counsel for appellant served notice that on September 8th thereafter he would move to recall said remittitur on various grounds specified therein. It will be observed from the recited dates that this application was made long after the expiration of the thirty days within which the court had control over its decision, and long after the decision became final. The moving counsel for appellant attempts to obviate the effect of this delay by a recital of facts in his affidavit accompanying the motion which he insists excuse it. He states therein that he left the city and county of San Francisco on May 2, 1902, and was absent from the city for nearly two months thereafter; that upon his return one of the members of the firm of attorneys associated with him in the case, and who had taken part in the appeal, was, and thereafter up to the time of the filing of said motion still continued, absent from the city and county of San Francisco; and that he was unable to consult with him as to what steps should be taken in this matter. Plac-

ing the most liberal construction upon this statement in the affidavit, it falls far short of showing any of that measure of diligence which the law requires to excuse him from the stringent application of the rule governing the recall of remittiturs. As above stated, the remittitur was issued on the 25th of May, 1902, and it is apparent from the affidavit that the affiant must have returned to the city and county of San Francisco at least as early as July 2, 1902, and as notice of the present motion was not served until the 11th of August, 1902, it is evident that there was a month intervening between the time of his return and the service of this motion, within which he did nothing, and for which inaction he nowhere in his affidavit accounts. His affidavit is equally silent as to where any member of the firm associated with him on the appeal was in the interval between the issuance of the remittitur and the notice of this present motion. It is nowhere stated that they were not in San Francisco during the two months that he was absent therefrom. It only states that upon his return he found that the particular member of the firm with whom he wished to consult was absent. Nor does it appear when the latter departed from the city. Non constat but that he was in the city during the entire time while the affiant was away, knew of the issuance of the remittitur, and deemed it inadvisable to petition for a rehearing, or to make such motion as is now made here. It is presumed that each attorney is fully advised as to all proceedings had in cases in which he is interested, and that presumption will be induged in until the contrary is shown. The showing here in no manner overcomes that presumption, and not only does not show sufficient excuse for the nonpresentation of this motion earlier, but, to the contrary, shows an unnecessary delay of over a month, as far as the attorney making the affidavit is concerned, and fails to show that his associates were not advised of the issuance of the remittitur, or that they had not ample time and opportunity to present this motion within the time allowed by law.

There appearing no sufficient excuse, or in fact any excuse, why this motion was not made within the time fixed by law, the motion to recall the remittitur is denied.

We concur: Beatty, C. J.; McFarland, J.; Shaw, J.; Van Dyke, J.; Henshaw, J.