No. 25,347.

Martin Herman, *Appellant*, v. R. D. Hawley, *Appellee*.

SYLLABUS BY THE COURT.

1. Receivers—*Negligent Control of Property—Effect of Discharge on Liability.* Where fraud is not alleged, a separate action to recover damages caused by negligent custody and control of property cannot be maintained against a receiver after he has made his final report and has been discharged as receiver.

2. Same—*Discharge—Parties to Action—Notice.* A party to an action in which a receiver has been appointed must take notice of everything done in that action, including the final report filed by the receiver and his discharge as such, and it is not necessary to give such party notice of the filing of the report, nor of the discharge.

Appeal from Cheyenne district court; Willard Simmons, judge. Opinion filed March 7, 1925. Affirmed.

*J. L. Finley,* of St. Francis, for the appellant.

*Leigh D. Dowling,* of St. Francis, and *W. S. Langmade,* of Oberlin, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued the defendant for damages to a threshing rig, consisting of an engine, separator, and water tank, while in his possession as receiver, and for his negligence in failing to collect rents thereon. Trial was had before a jury; but, at the close of plaintiff's evidence the court sustained a demurrer thereto and rendered judgment for the defendant. The plaintiff appeals.

The petition alleged, and the evidence of the plaintiff tended to show, that in an action in which the plaintiff herein was defendant, involving the ownership of the threshing rig, the defendant herein was appointed receiver for the property and held possession of it until the termination of the suit; that as such receiver he leased the threshing outfit to one W. H. McCulley, who agreed to pay as rental 25 per cent of the gross receipts of the threshing rig, less cost of necessary repairs; that after using the machinery about a month McCulley abandoned it and left the county without paying any rent to the receiver; that the receiver then placed the machinery in an open pasture, where it remained until the plaintiff was given possession of it; that the defendant made his report as receiver, which was approved by the court, and was discharged as such receiver;

that the next day the plaintiff was given possession of the property upon paying the judgment that had been rendered against him; and that the machinery had been damaged by exposure to the weather and by the loss of some parts. The plaintiff commenced this suit to recover damages caused by the negligence of the defendant in caring for the machinery and in failing to collect the rent that accrued during the receivership.

There was no evidence to show that, in the action in which the receiver was appointed, the plaintiff took any steps to question the report of the receiver or to compel him to account for the damage to the machinery or for the rent that accrued while the property was in his possession.

1. The plaintiff contends that "the court erred in sustaining defendant's demurrer to the plaintiff's evidence," and says that—

"This demurrer raises two questions: (a) That the amended petition does not state facts sufficient to constitute a cause of action, and (b) that the evidence introduced does not support or sustain any cause of action."

In his brief the defendant states that—

"Upon his [plaintiff's] failure to proceed in the action in which the receiver is appointed, the claimant having been a party to such action, it must be deemed an adjudication of all matters between the claimant and receiver arising out of the accounts of the receiver as such; and that upon the close of the term, nothing having been done, the matter is closed except where fraud is alleged, in which case an action might be brought at a later date to set aside the order discharging the receiver and approving his report."

No fraud was alleged. If defendant's statement is true, the plaintiff's contention must fail.

34 Cyc. reads:

"The duty of the receiver to account is to the court and not to the parties individually; but the parties interested may proceed to enforce an accounting by him." (p. 450.)

"It is peculiarly the province of the court appointing the receiver to adjust his account . . . and as a general proposition it is in that court only that he can be called to account." (p. 453.)

"The court may set aside an order approving its receiver's final report, and granting his discharge, as for failure to give the interested parties notice, or for the purpose of retaining the receivership pending the liquidation of claims against the receiver, if the application is made in time. In the absence of such action, however, the settlement of the receiver's accounts and his discharge will be conclusive against a collateral consideration of questions which were or might have been determined on the accounting, or against the reacquiring of jurisdiction of the property after it has been effectually surrendered, and will

Herman v. Hawley.

protect the receiver against any further liability to account for funds or property disposed of under the court's order." (p. 482.)

The demurrer to the evidence was properly sustained.

2. The plaintiff relies on the fact that he did not have notice of the filing of the report of the receiver, of its approval by the court, or of the discharge of the receiver. The plaintiff was bound to take notice of all pleadings and reports filed in the action without receiving special notice thereof. 29 Cyc. 1116 says:

"A party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual notice thereof."

(See, also, 20 R. C. L. 690; Wade on Notice, 2d ed., § 1186; Note to *Walker v. Sanders*, 123 Am. St. Rep. 291; *Margaret Butler, &c. v. Thompson & Hagner, Trustees*, 2 Fla. 9, 14; *Kohn, &c. v. Wagner, &c.*, 1 Rob. [La.] 275; *Delaplaine v. Hitchcock*, 6 Hill [N. Y.] 14; *University v. Lassiter*, 83 N. C. 38.)

Even if the plaintiff were entitled to notice, an independent action against the receiver would not lie except possibly for his fraud in making his report or in procuring its adoption and his discharge.

The plaintiff had the right to proceed in the action in which the receiver was appointed. He took steps in that action on the day after the report was approved and the receiver was discharged. The term of court lasted for some time thereafter. The plaintiff, if he did not learn of the report of the receiver and of his discharge before the end of the term, was negligent.

The judgment is affirmed.