FLANDERS ET AL. *v*. OSTROM, RECEIVER, ET AL.

[No. 25,597. Filed November 22, 1933. Rehearing denied January 23, 1934.]

88

*William V. Rooker,* for appellants.

*Fenton, Steers, Beasley & Klee,* for appellees.

HUGHES, J.—The appellees, Britton and Stuvel, doing business under the name and style of Britton and Stuvel, brought this action to recover a judgment against the appellants, Flanders and Flanders, for work and material furnished under a written contract for the installation of the plumbing and heating in a dwelling house being erected by appellants and to foreclose a mechanic's lien. Later an amended complaint was filed setting out substantially the same facts as alleged in the original complaint, and in addition other facts upon which to base a request for the appointment of a receiver. The court, after notice to the appellants and while appellants were represented in court by their attorney, heard evidence and found that a receiver should be appointed, and Henry E. Ostrom was appointed, received, and duly qualified. The evidence heard at the appointment of the receiver has not been brought into the record, but the final judgment shows at the time of the appointment of the receiver there were unpaid valid mechanic's liens in the sum of $5,247.50, and a mortgage in the sum of $907.50. No exceptions or appeal was then taken to the appointment of the receiver. There were various cross-complaints filed. The dwelling, upon proper petitions by the receiver, was completed. The court found that certain appellees held valid mechanic's liens against the property, and rendered judgments in the amount of the liens and transferred same to the funds arising from

the sale of the property. The property was first sold to one Henry G. Blume, who deposited $500.00, but he refused to proceed with the purchase of the property, and it was then sold to the Home Development Company.

The receiver filed a final report which was approved, and ten days given to file a bill of exceptions. The appellants filed a motion for a new trial on the receiver's final report, and a motion to vacate the order approving the same. The motion for a new trial and to vacate was overruled. The appellants filed in the Marion Superior Court a suit to review all the errors assigned, as claimed by appellees, in the first eighteen assignments of error in the instant case. The court refused a review, and the case was appealed to this Court, being cause No. 25,218, and the appeal was dismissed. The appellees insist that the questions raised in the first eighteen assignments of error are *res adjudicata*.

There were twenty-six assignments of error, covering sixteen pages. We do not feel that we are justified in setting out in full each assignment. These assignments in many respects are duplications, and the attorney for the appellants could have saved this court much labor and time if he had prepared his assignments briefer and more to the point.

We will give very succinctly what each assignment contains.

(1) That the court erred in sustaining the petition for the appointment of a receiver; that the court was without jurisdiction of the subject matter, and that said order takes the property of appellants without due process of law.

(2) That the court erred in overruling the demurrer to the amended complaint.

(3)    That the court erred in permitting the receiver to borrow money to complete the dwelling.

(4)    This assignment same in substance as No. 3.

(5)    That the court erred in overruling exceptions filed May 19, 1925, to the report and petition of receiver to sell real estate.

(6)    Same in substance as No. 5.

(7)    That the court erred in overruling demurrer of appellants to second paragraph of answer of receiver to the exceptions of appellants to the report and petition of said receiver to sell real estate.

(8)    That the court erred in sustaining the report and petition of receiver to sell real estate; that the subject matter was not within the jurisdiction of the court, and that property of appellants was taken without due process of law.

(9)    That the court erred in allowing attorneys' fees upon certain judgments.

(10)    Same in substance as No. 8.

(11)    That the court erred in its judgment of June 8, 1925, for the reason that said judgment is based upon a general finding upon submission of divers several actions for debt as at common law, and that same are personal judgments as for debt at common law, and are not any one of them in rem and no adjudication of the foreclosure of any lien of any kind.

(12)    That the court erred in its order of June 26, 1925, in modifying the order of sale of real estate.

(13)    That the court erred in allowing certain fees to the receiver and his attorneys.

(14)    That the court erred in requiring the appellants to vacate their premises.

(15)    That the court erred in its order and judg-

ment of July 8, 1925, in overruling motion for a new trial.

(16) That the court erred in its order and judgment of July 17, 1925, denying the sufficiency of the return of appellants to the order to vacate premises.

(17) That the court erred in its order and judgment of July 17, 1925, sustaining petition of receiver to wreck a small house on the premises.

(18) Same as 12 except as to date of judgment.

(19) That the court erred in its judgment of June 3, 1926, in sustaining the petition to vacate the order of acceptance of Henry G. Blume, and to forfeit his deposit of earnest money.

(20) That the court erred in its order and judgment of June 3, 1926, sustaining the report and petition of receiver in accepting proposal of Home Development Company to purchase the real estate in question.

(21) Same in substance as (20).

(22) Same in substance as (20) and (21).

(23) That the court erred in its order and judgment of September 9, 1927, striking from the files the exceptions of appellants to the answer of Henry E. Ostrom, as receiver, to the petition of Henry G. Blume.

(24) That the court erred in its order and judgment of September 9, 1927, approving final report of receiver.

(25) That the court erred in its order and judgment of November 4, 1927, overruling the motion of appellants to vacate the order and judgment of September 9, 1927, approving the final report of the receiver.

(26) That the court erred in its order and judgment of November 4, 1927, in overruling the motion for a new trial.

Practically all the assignments of error contain the provision that the subject matter was not within the jurisdiction of the court, and that the judgments and orders taken were void, and that appellant's property

was taken without due process of law, and in denial of the equal protection of the law, all in contravention of the 14th Amendment of the Constitution of the United States.

The motion for a new trial sets out six reasons, and to sustain the reasons assigned the appellants give in substance the matter contained in their twenty-six assignments of error.

The amended complaint sets out the mechanic's lien held by the plaintiff as well as other liens held by other parties; also first and second mortgages. It also alleged that the dwelling house was in an incompleted state; that it would take from $1,500 to $2,000 to complete the house; and that the appellants had no money to complete the house nor to pay off the liens on the same and that they were unable to secure any money for such purposes; that in addition to plaintiff's action for a foreclosure of their lien and sale of the real estate, other lienholders have intervened and asked for the sale of the real estate; that if said house were sold in its incompleted state it would not sell for enough to pay the liens and would be at a great sacrifice and injury to all concerned. It further alleged that it would be to the advantage of all concerned that the house be completed and that a receiver be appointed to take charge of said house, borrow sufficient money to complete it and sell the same and preserve the assets thereof for distribution.

The record shows that the receiver was appointed February 25, 1924, upon proper notice to the appellants and that they were represented in court by their attorney, H. S. McMicael. No exception was taken to the appointment and no appeal.

Where a receiver is appointed in open court in the presence of the parties in interest without objection or

exception, the legality of such appointment cannot afterwards be raised by a motion to set it aside, nor by a motion for a new trial. *Gray et ux.* v. *Oughton* (1896), 146 Ind. 285, 45 N. E. 191.

It cannot be doubted that under Sec. 1300, Burns 1926, Subd. 3 and 7 (§1143, Baldwin's 1934), the court had power to appoint a receiver under such a state of facts as set out in the amended complaint. The court had jurisdiction over the subject matter and of the parties and of the appointment of a receiver, and was not therefore *coram non judice* as contended for by the appellants. And neither can it be successfully maintained that the property was taken without due process of law, and in contravention of the 14th Amendment of the Constitution of the United States.

The lower court found that certain parties held valid mechanic's liens, and one party held a valid mortgage. The property was ordered sold free and clear of all liens, and the liens transferred to the fund derived from the sale of the property. The court had the power to make such an order in the instant case.

In the case of *Pilliod* v. *Angola R. R. Co.* (1910), 46 Ind. App. 719, 727, 91 N. E. 829, the court said: "When the court entertained the petition of the general creditors for the enlargement of the powers of the receiver, it took into its jurisdiction all the title to the property of the insolvent corporation, and it is this title which is sold by the receiver, and in proceedings of this character the court has the power and authority to direct the sale in any manner it may see proper. It may sell the property of an insolvent corporation subject to liens that are upon it, or, if it has the lienholders before it, and has jurisdiction over them, it may order the property sold by its officers discharged from the lien, as

was done in this case, and direct distribution of the proceeds in accordance with the rights of the parties. . . . The sale made by the receiver was not on a decretal order for the foreclosure of the mortgage. It is true the mortgage was foreclosed, and there was a judgment of foreclosure, but the order to sell was made on the receiver's petition, not upon the plaintiff's complaint, and the only question that is open for debate, is whether the court had jurisdiction to make such order. It is perfectly manifest that the court possesses general jurisdiction to appoint receivers for insolvent corporations, upon proper petition, and the power in proper cases to order such receivers to sell corporate property."

The appellants contend that the court had no power to authorize the receiver to borrow money to complete the dwelling. We think the court had full power to do this where in the judgment of the court it was for the best interest of all the parties. There are many things that a receiver may do in the discharge of his trust, under a proper order of the court. A receiver may continue and operate a business over which he is receiver. He may borrow money to operate the business under the order of the court. In the instant case the receiver reported to the court that the dwelling was not finished; that it was necessary to borrow money to complete the dwelling so that the same might be sold to an advantage. The court had, in the exercise of its equity jurisdiction, power to authorize the receiver to complete the dwelling, and to borrow money to pay for the same. *Blythe, Receiver* v. *Gibbons* (1894), 141 Ind. 332, 35 N. E. 557.

In the instant case the record shows that the appellants were in court, and consented to the borrowing of the money to complete the dwelling, and they are therefore not in a position to challenge or question the order or judgment made therein.

The appellants further contend that the court had no power to authorize the receiver to sell real estate. The record shows they were present in court when the order was made and it cannot be seriously contended that the court was without power to make such an order. Under section 1312, Burns 1926, §1153, Baldwin's 1934, the court had full power to order the sale of the property.

The appellants question the right and power of the court to allow attorney's fees upon the judgments against them. The mechanic's liens were sustained, but the liens were transferred to the fund derived from the sale of the real estate. This did not defeat the right to recover attorney's fees. They were legally and properly allowed and likewise the fees for the receiver and his attorneys.

We have held that the court had power to make an order for the sale of the real estate, and having that authority in the first instance the court would necessarily have the right to modify the order if necessary. This question presented by appellants is without merit.

It is further contended by the appellants that the lower court erred in its order and judgment of July 3, 1925, ordering the appellants to vacate the dwelling house in question. As shown from the record there was a hearing upon the petition of the receiver to vacate the premises; the appellants were present. The receiver was legally appointed and ordered to take possession of the property for the benefit of the creditors, and it was within the power of the court to order the premises vacated so that the receiver might properly discharge his duties.

It appears that there was a small house of little value upon the real estate other than the new dwelling. It

lessened the value of the real estate and the receiver filed a petition to remove the same. The appellants were in court; the petition was granted and the house removed. The court had the power to make such an order, under the statute. Sec. 1312, Burns 1926, §1153, Baldwin's 1934.

The receiver first sold the property to one Henry G. Blume. He put up $500 earnest money, but failed to comply with the contract. The receiver filed a petition with the court to forfeit the earnest money. This was proper on his part and in the interest of his trust. As Blume is raising no objection in this appeal to the action of the court it is no concern of the appellants. They were not harmed.

The sale made to the Home Development Company was regular as far as the record discloses and the court had the power and authority to make the order and approve the sale.

The appellants further contend that the court erred in approving the final report of Henry E. Ostrom, receiver. There was no exception filed to the receiver's final report, and the appellants are in no position now to question the same. And there is no showing that the final report was approved by the court without notice to the appellants.

"A party to an action in which a receiver has been appointed must take notice of everything done in that action, including the final report filed by the receiver and his discharge as such, and it is not necessary to give such party notice of the report, nor of the discharge." *Herman* v. *Hawley* (1925), 118 Kan. 17, 233 Pac. 1031.

"A party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does

not in fact appear and has no actual notice thereof." 29 Cyc. 1116.

The final report being properly approved, the court committed no error in overruling the motion of appellants to vacate the order and judgment approving the same.

The motion for a new trial was properly overruled.

In many of the assignments of error the appellants claim and assert that many acts done by the court were *coram non judice,* and that the property of appellant was taken without due process of law and in contravention of the 14th Amendment of the Constitution. This contention can not be sustained. The court had jurisdiction of the parties and of the subject matter and the proceedings were regular and in conformity with the law.

Judgment affirmed.