(No. 5768.   January 10, 1934.)

MARCUS S. FITE, Appellant, v. LEE L. FRENCH and EVELYN DENNY FRENCH, Respondents.

[30 Pac. (2d) 360.]

J. F. Ailshie and John L. Phillips, for Appellant.

Cox, Martin & Ware and John C. Applewhite, for Respondents.

GIVENS, J.—September 9, 1932, this court rendered its opinion [52 Ida. 286, 15 Pac. (2d) 604] reversing the judgment of the trial court holding valid an alleged will of the decedent Brown theretofore refused probate by the probate court, on a contest by appellant as devisee under a prior alleged will.

Respondent, Lee L. French, was named executor under the contested will, Mrs. French being a devisee.

The appeal from the probate court to the district court was taken by respondent Lee L. French, thus: "defendant and executor of the will hereinafter mentioned, and Evelyn Denny French, being the only parties interested under the will of Willma E. Brown, deceased, mentioned in the order hereinafter referred to, and being the only parties appearing or served with process in the above entitled contest, hereby appeal . . . . ," etc.

The appeal to this court was addressed to "Lee L. French, above-named defendant and Evelyn Denny French, legatee and beneficiary, and attorneys," etc.

The judgment of the district court remanded the cause to the probate court with directions to admit the will, in controversy herein, to probate and to issue letters testamentary to Lee L. French.

After entry of this court's judgment, September 9, 1932, appellant filed his cost bill, September 15th. This court of its own motion reduced the cost bill as to fees due the clerk of the district court, and the court reporter.

September 28, 1932, respondents filed a petition for rehearing, which, on October 28th, was denied, though certain corrections were made in the opinion, which were objected to by appellant on November 2d, and thereupon one further correction was made November 12th, and the cost bill in the changed amount entered.

The *remittitur* was sent by registered mail to the clerk of the district court November 14, 1932. November 23, 1933, respondents filed their motion to recall the *remittitur* and modify the judgment by assessing the costs against the estate and not respondents personally. The sole showing for such being an affidavit by one of the attorneys as follows:

"That I am one of the counsel for respondents in the above cause. After the original opinion of the Supreme Court was filed, a cost bill was served and filed and a petition for rehearing, together with an extensive brief, was filed in the case.

"Thereafter this court modified its opinion but denied the petition for rehearing; that, upon learning of the final action of the court, I requested the clerk of the district court to advise me when the *remittitur* reached him and before entering a judgment for costs; that it was my intention to move in the district court that the judgment for costs be entered against Lee L. French only in his representative capacity as executor, pursuant to the provisions of Section 12–111, Idaho Code Annotated, affiant being under the impression that such performance of this court's mandate would be lawful and that the practical effect in the long run would be the same as if the Supreme Court had entered judgment that costs abide the final determination of the litigation; that by inadvertence and mistake the clerk of the district court failed to advise me when the *remittitur*

came down or to communicate with me until after the clerk's judgment had been entered.''

The recall of the *remittitur* and the modification of the judgment as to the cost bill is now before us on appellant's motion to strike the petition for such recall and modification.

Section 12–114, I. C. A., provides as follows:

''Whenever costs are awarded to a party by an appellate court, if he claims such costs he must tax the same before the clerk of the Supreme Court, subject to exception and review by the Supreme Court or the judges thereof, within such time and subject to such regulations as the Supreme Court shall by rule direct, and the same when taxed shall be certified by the clerk of the Supreme Court to the clerk of the court from which the appeal was taken, to be there entered as a judgment and to be enforced by execution as in the case of other judgments.''

The judgment for costs in compliance with this section was entered herein by the clerk of the district court February 6, 1933. The *remittitur* was received by the clerk of the district court November 15, 1932. This was after the petition for rehearing had been denied and the opinion issued in its final form.

No explanation is given as to why the clerk's judgment for costs was not entered before February 6, 1933, three months, lacking nine days, after the *remittitur* was received by the clerk of the district court.

From the date the *remittitur* was received until the petition for the recall of the *remittitur* was filed one year and nine days elapsed and the petition does not explain, nor excuse such lapse of time. From the time the judgment for costs was entered until the petition to recall the *remittitur* was filed nine months and seventeen days elapsed with no reason or excuse for such lapse of time.

No change was made in connection with the petition for rehearing in the portion of the judgment, following the opinion in this court, providing for costs, nor in any other

way except that the costs were slightly reduced by the court of its own volition.

Respondents' attorneys and through them respondents were charged with notice of every official act in the proceedings taken in accordance with law. (46 C. J. 548, sec. 41; *Herman v. Hawley*, 118 Kan. 17, 233 Pac. 1031.)

While the attorneys could ask the clerk to notify them in an unofficial way, when the judgment of the court was entered, it was no part of his official duty to do so and reliance thereon was at their own peril. (*Sovereign Camp, W. O. W., v. Gay*, 20 Ala. App. 650, 104 So. 895.)

Rule number 58, of this court provides that after a rehearing is denied the *remittitur* shall issue forthwith. Respondents' affidavit shows they knew the *remittitur*, following the denial of their petition for rehearing October 28, 1932, would issue, and that judgment by the clerk of the district court carrying into effect the provisions for costs therein to be entered, would follow as a matter of course, section 12–114, *supra*, as it did.

Two terms of court have been held in North Idaho, in which division this appeal was entertained since the *remittitur* from this court was thus acted on.

It is unnecessary to decide more than that the showing for the recall of the *remittitur* is entirely insufficient to explain the delay in applying for the relief sought herein. (*In re Sanford's Estate*, 7 Cal. Unrep. 159, 73 Pac. 466; *State v. Keels*, 39 S. C. 553, 17 S. E. 724, 802.)

Respondents' motion to recall the *remittitur* and modify the judgment, therefore is denied.

Neither the statutes nor rules provide for fees or costs in connection with a motion of this kind, so none are to be charged by the clerk, or assessed against either party. (Rule number 38, and section 1–402, I. C. A.)

Budge, C. J., and Morgan, Holden and Wernette, JJ., concur.