PITCAIRN ET AL. *v.* DRUMMOND

[No. 27,268. Filed October 23, 1939.]

*Stuart, Devol, Branigin & Ball,* and *N. S. Brown,* for appellants.

*Vaughn & Vaughn,* and *Charles D. Lesley,* for appellee.

FANSLER, C. J.—The appellants are receivers of the Wabash Railway Company under appointment of the United States District Court, Eastern Division, Eastern District of Missouri. The appellee, their employee, suffered injuries resulting from the operation of trains in Tippecanoe County, Indiana. He brought an action in Cook County, Illinois, for damages on account of such injuries. The appellants brought this action in the Superior Court of Tippecanoe County, Indiana, to

enjoin the appellee from prosecuting his action in Illinois, upon the ground that the appellee is a citizen of the State of Indiana, and that the prosecution of his action in the State of Illinois would subject them to great hardship, inconvenience, and expense. See *Kern et al.* v. *Cleveland, C., C. & St. L. Ry. et al.* (1933), 204 Ind. 595, 185 N. E. 446. There was a temporary restraining order, and, upon a hearing, a temporary injunction was denied and the temporary restraining order dissolved, and this ruling is assigned as error.

It seems to be clearly established that the courts of this state have power to restrain citizens of this state, or other persons within the control of their process, from the prosecution of suits in other states or in foreign countries, when the prosecution of such suits in such jurisdictions is contrary to equity and good conscience. Equity intervenes for the purpose of protecting a person or corporation within the jurisdiction of the court from injury.

The appellants here, and plaintiffs seeking injunctive relief below, are receivers and officers of a federal court, acting for that court in the preservation and operation of a railroad property which is in the custody of that court.

Formerly courts appointing receivers, both federal and state, had power to control actions against their receivers, and at common law receivers could not be sued without leave of court, and only upon conditions fixed by the appointing court. The power thus exercised by the courts is a governmental power. Under the common-law rule, the sovereign state or the sovereign United States, each through its courts exercising equitable jurisdiction, protected receiverships against the inequitable prosecution of actions in remote jurisdictions.

When the federal government, through one of its courts of equity, appoints a receiver and takes possession of the property of a corporation it has full and ample power to protect the property and the receivership against inequitable proceedings; and the determination of what is equitable and what is inequitable must rest with the sovereign who has taken possession of the property acting through its courts. We are not unmindful of a federal statute which permits actions against federal receivers to be maintained in state courts without leave of the court appointing the receiver. Whether this action strikes down the power of the appointing court to prevent actions in remote jurisdictions under circumstances making them vexatious and burdensome, we need not decide. If the answer is no, then there is ample power in the court appointing the appellant receivers to grant them the relief which they seek, and if the answer is yes, it is because Congress, acting within its jurisdiction, has decreed that such actions may be maintained against federal receivers. In either event it would seem that the Federal government has ample power to determine the wisdom of protecting federal receivers from such suits, and ample power to protect them where it is deemed necessary.

It would seem therefore that there is impropriety, if not lack of jurisdiction, in undertaking to assist the Federal government and its courts in the protection of a receivership which the Federal government through its courts has ample power to protect should the Congress and the federal courts deem it necessary. As pointed out above, the federal courts once had full power to control the bringing of actions against their receivers. If Congress has curtailed this power, it must be assumed to have been deliberately

done upon considerations which were deemed sufficient. The determination of the jurisdictions in which federal receivers may be sued is for Congress and the federal courts. The courts of this state should not exercise equitable jurisdiction to restore to federal receivers a protection they once had, but of which the Congress has seen fit to deprive them. We are constrained to conclude that the courts of this state have no jurisdiction to control the situs of actions against federal receivers, and, in the light of this conclusion, it is unnecessary that we consider the other questions presented.

Judgment affirmed.