Peter HAZIFOTIS, Appellant
(Defendant Below),

v.

CITIZENS FEDERAL SAVINGS &
LOAN ASSOCIATION, Appellee
(Plaintiff Below).

CITIZENS FEDERAL SAVINGS &
LOAN ASSOCIATION and CFS Servic-
es, Inc., Appellants (Defendants Below),

v.

Peter HAZIFOTIS, Appellee
(Plaintiff Below).

Peter HAZIFOTIS, Cross–Appellant
(Plaintiff Below),

v.

Robert FLICKINGER, et al., Cross–Ap-
pellees (Defendants Below).

No. 45A03–8802–CV–66.

Court of Appeals of Indiana,
Third District.

April 17, 1989.

Rehearing Denied June 1, 1989.

Robert E. Stochel, John M. O'Drobinak, P.C., Crown Point, for appellant/cross-appellant.

Paul A. Rake, Eichhorn, Eichhorn & Link, Hammond, for appellees/cross-appellees.

HOFFMAN, Judge.

Peter Hazifotis appeals from a decision of the Lake Superior Court discharging the court-appointed receiver in a mortgage foreclosure action. Citizens Federal Savings & Loan Association and CFS Services, Inc., bring an interlocutory appeal from the decision of the Jasper Circuit Court denying their motion for summary judgment in a collateral suit initiated by Hazifotis. On cross-appeal, Hazifotis challenges the granting of summary judgment by the Jasper Circuit Court in favor of the court-appointed receiver.

The facts relevant to the appeals and the cross-appeal may be summarized as follows. On July 17, 1984, Citizens Federal Savings & Loan Association (Citizens) filed a complaint to foreclose a delinquent mortgage against Worldwide, Inc., as the owner of the mortgaged property and against Peter Hazifotis as the mortgagor. In its prayer for relief, Citizens requested that a receiver be appointed to collect the rents and profits of the mortgaged property, to effect all necessary repairs of the property and to pay all real estate taxes and insurance premiums when due. The application for appointment of a receiver was set for hearing on August 29, 1984. Following the hearing, the Lake Superior Court appointed Robert Flickinger to serve as receiver.

On December 30, 1986, Hazifotis filed a Petition for Leave to Sue Receiver which stated Hazifotis' desire to sue Flickinger in the United States District Court for the Northern District of Indiana, on the grounds that Flickinger negligently controlled, took custody of and maintained possession of the mortgaged property. The Lake Superior Court granted leave for Hazifotis to sue Flickinger.

Seven months later, on July 28, 1987, Flickinger filed an Application for Discharge of Receiver. A hearing on the application for discharge was held on November 5, 1987. The Lake Superior Court entered an order approving the final report, releasing the surety and discharging Flickinger.

One day before the hearing on Flickinger's application for discharge, Hazifotis filed suit in the Lake Circuit Court, alleging that he had been injured by Flickinger's failure to faithfully carry out the duties of receiver. The case was venued to Jasper County. Thereafter, Flickinger and Citizens filed a motion for summary judgment. The Jasper Circuit Court granted Flickinger's motion for summary judgment, but Citizens' motion for summary judgment was denied.

In his appeal from the judgment of the Lake Superior Court, Hazifotis presents three issues:

(1) whether the trial court abused its discretion in appointing Flickinger as receiver;

(2) whether there were reversible evidentiary errors at the hearing on Flickinger's application for discharge; and

(3) whether the trial court erred when it discharged Flickinger.

Citizens raises one issue in its interlocutory appeal from the Jasper Circuit Court: whether the trial court erred by denying Citizens' motion for summary judgment. On cross-appeal, Hazifotis poses the issue whether the Jasper Circuit Court erred by

entering summary judgment in favor of Flickinger.

■ This Court will first consider Hazifotis' contention that the Lake Superior Court erred when it appointed Flickinger as receiver. Hazifotis characterizes Flickinger as an interested party whose appointment as receiver was prohibited by IND. CODE § 34–1–12–2 (1982 Ed.). However, Hazifotis waived his objection to the appointment of Flickinger as receiver.

The Lake Superior Court held a hearing on the request for appointment of a receiver on August 29, 1984. Although notice of the hearing was served on all parties, Hazifotis did not appear. The court appointed Flickinger as receiver, and he served in that capacity for three years. Hazifotis made no objection to the appointment of Flickinger until October 2, 1987, after the Application for Discharge of Receiver had been filed with the court.

An objection to the appointment of a receiver must be raised at the time such appointment is made.

Gray et ux. v. Oughton (1896), 146 Ind. 285, 287 45 N.E. 191, 192;

Flanders v. Ostrom, Rec. (1933), 206 Ind. 87, 93–94, 187 N.E. 673, 675.

Because Hazifotis did not object at the time the Lake Superior Court appointed Flickinger as receiver, he could not subsequently challenge the legality of the appointment. *See id.* The objection was waived.

■ Hazifotis next asserts that the Lake Superior Court committed reversible evidentiary errors during the hearing on the Application for Discharge of Receiver. According to Hazifotis, one such error occurred when the court admitted into evidence the Application for Discharge of Receiver and accompanying affidavit. Hazifotis maintains that the affidavit contained inadmissible hearsay concerning the tax sale and subsequent transfer of the mortgaged property to Lake County, Indiana. Yet an examination of the record discloses that a certified auditor's report was admitted into evidence which also established the occurrence of a tax sale and the passing of the property to Lake County. Reversible error cannot be predicated upon a trial court's admission of evidence which is merely cumulative. *Loudermilk v. Feld Truck Leasing Co. of Indiana* (1976), 171 Ind.App. 498, 508, 358 N.E.2d 160, 166.

■ Hazifotis further claims that the affidavit was inadmissible because it contained conclusions of law. Generally, an affidavit must set forth facts which would be admissible in evidence; assertions or conclusions of law by one not qualified to testify on such matters are inappropriate statements in an affidavit. *Lee v. Schroeder* (1988), Ind.App., 529 N.E.2d 349, 352. However, any harm arising from the alleged error in admitting the affidavit would have been lessened if not anulled, because the issue of discharge was heard by the court without a jury. *See Loman v. State* (1976), 265 Ind. 255, 260, 354 N.E.2d 205, 209. The trial judge is presumed to know the intricacies of the rules of evidence and to consider the evidence in that light, ignoring the extraneous, incompetent and irrelevant. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286, 294. Hazifotis has not demonstrated reversible error in the admission of the Application for Discharge of Receiver and accompanying affidavit.

■ For his final allegation of evidentiary error, Hazifotis avers that the trial court erred when it disallowed questions regarding Flickinger's management of other property for Citizens. Hazifotis argues that the answers to those questions would have been relevant as a comparison to Flickinger's management of the mortgaged property in the instant case. The standard for determining the relevancy of evidence is whether the evidence in question has a logical tendency to prove a material fact. *Favourite v. Bd. of Zoning Appeals* (1987), Ind.App., 515 N.E.2d 560, 563. The determination of relevancy is addressed to the sound discretion of the trial court. *Kennedy v. St. Joseph Memorial Hosp.* (1985), Ind.App., 482 N.E.2d 268, 275. This Court cannot conclude that the Lake Superior Court abused its discretion.

The third challenge to the judgment of the Lake Superior Court is addressed to the discharge of Flickinger as receiver. Hazi-

fotis suggests that the court could not discharge Flickinger, because the court had relinquished jurisdiction when it granted Hazifotis leave to sue the receiver.

■ When one seeks to sue a receiver in another jurisdiction, there is a condition precedent that leave to sue the receiver must be obtained from the receivership court. *Sacks et al. v. AFNB* (1972), 258 Ind. 189, 194, 279 N.E.2d 807, 811. The condition precedent has its basis in common law.

"[A]t common law receivers could not be sued without leave of court, and only upon conditions fixed by the appointing court. The power thus exercised by the courts is a governmental power. Under the common-law rule, the sovereign state or the sovereign United States, each through its courts exercising equitable jurisdiction, protected receiverships against the inequitable prosecution of actions in remote jurisdictions."

*Pitcairn v. Drummond* (1939), 216 Ind. 54, 56, 23 N.E.2d 21, 22.

■ Contrary to Hazifotis' assertion, leave to sue a receiver in another court does not divest the appointing court of jurisdiction. That result is accomplished through a motion for change of venue. *See Matter of Goetcheus* (1983), Ind.App., 446 N.E.2d 39 (when presented with timely motion for change of venue, trial judge is divested of jurisdiction to act in the case on any matter other than the motion for change of venue or emergency matters). This Court declines to equate a Petition for Leave to Sue Receiver with a motion for change of venue.

■ The Lake Superior Court retained jurisdiction over the receivership, notwithstanding its grant of leave to sue the receiver in another forum. Upon motion for discharge of the receiver and after due consideration of the evidence, the court found that Flickinger had rendered a full and complete accounting of the assets of the receivership, that Flickinger had faithfully performed all duties required of a receiver, and that no funds existed in the receivership. The Lake Superior Court

properly entered an order discharging Flickinger as receiver.

Two additional issues have been brought before this Court regarding action taken by the Jasper Circuit Court in Hazifotis' collateral suit. In that suit, Hazifotis alleged that he had been damaged in the sum of $100,000 as a direct result of Flickinger's failure to faithfully carry out his duties as receiver. The Jasper Circuit Court granted summary judgment in favor of Flickinger, from which order Hazifotis appeals. The court denied Citizens' motion for summary judgment, giving rise to an interlocutory appeal. Because the parties have presented related issues and arguments, they will be discussed together.

The Jasper Circuit Court determined that Hazifotis could not bring action against Flickinger in his capacity as receiver, because Flickinger had been discharged by the Lake Superior Court. However, the Jasper Circuit Court refused to base its decision on the doctrine of res judicata. Presumably because the court decided that reliance on the doctrine of res judicata was inappropriate, the court denied Citizens' motion for summary judgment.

■ The doctrine of res judicata is described as consisting of two branches, claim preclusion and issue preclusion. Claim preclusion applies when there has been a final judgment on the merits which acts as a complete bar to a subsequent action on the same claim between the same parties or those in privity with them. *Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 256, 53 N.E.2d 161, 163. Issue preclusion arises when the claims are not the same, but some fact or question has been determined in the former suit and is again put in issue in a subsequent suit between the same parties or their privies. *Id.* at 257, 53 N.E.2d at 163. The question presented to this Court is whether issue preclusion bars relitigation of the adequacy of Flickinger's performance as receiver.

To invoke the issue preclusion branch of res judicata, four elements must be satisfied: 1) the former judgment must have been rendered by a court of competent

jurisdiction; 2) the matter now in issue was determined in the former suit; 3) the particular controversy adjudicated in the former action must have been between parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits. *Peterson v. Culver Educational Foundation* (1980), Ind.App., 402 N.E.2d 448, 460–461. This Court has acknowledged that the Lake Superior Court had jurisdiction to enter an order discharging Flickinger. The pivotal issue in Hazifotis' collateral suit was the adequacy of Flickinger's performance as receiver, and that issue had been brought before the Lake Superior Court by an objection to Flickinger's discharge. Flickinger, Hazifotis and Citizens were parties in both the receivership proceedings and the collateral suit, and CFS Services was in privity with Citizens. *Id.* at 460–461. Lastly, the judgment of the Lake Superior Court was rendered on the merits. Thus the elements of issue preclusion were satisfied.

The Jasper Circuit Court recognized that the doctrine of res judicata was applicable. However, the court reasoned that the Lake Superior Court could not have intended its judgment to have preclusive effect, because Hazifotis had previously been granted leave to sue Flickinger in another jurisdiction. This Court cannot agree with the reasoning of the Jasper Circuit Court.

When the Lake Superior Court granted leave for Hazifotis to sue Flickinger in another forum, the court was exercising equitable jurisdiction. *See Pitcairn, supra,* 216 Ind. at 56, 23 N.E.2d at 22. Hazifotis obtained leave to file his collateral suit on December 30, 1986, but he took no action until November 4, 1987, one day before the hearing on Flickinger's application for discharge. The leave to sue Flickinger, granted as a matter of equity, could be withdrawn by the appointing court to avoid inequitable results. *See id.* The Lake Superior Court implicitly withdrew its permission to file a collateral suit when it heard evidence on the adequacy of Flickinger's performance as receiver and found that Flickinger had faithfully performed all required duties. The Lake Superior Court intended its judgment to be a final determination as to Flickinger's performance as receiver.

The doctrine of res judicata precluded relitigation of the issue whether Flickinger faithfully carried out his duties as receiver. Because that issue was the basis for Hazifotis' collateral suit, Flickinger and Citizens were entitled to judgment as a matter of law.

■ The Jasper Circuit Court properly granted summary judgment for Flickinger, although it did not rely upon the doctrine of res judicata. *See Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154 (court may affirm grant of summary judgment on theory other than that on which grant was rendered). The court erred, however, by denying Citizens' motion for summary judgment. Accordingly, the judgment is reversed and remanded with instructions to enter summary judgment in favor of Citizens Federal Savings & Loan Association and CFS Services, Inc.

The judgment of the Lake Superior Court is affirmed in all respects. The judgment of the Jasper Circuit Court is affirmed in part and reversed in part.

GARRARD and CONOVER, P.JJ., concur.